PONTI and others, Respondents, vs. ECKELS and another, Appellants.

*May 8—June 21, 1906.*

*Lien of subcontractor: Foreclosure: Personal judgment against owner: Service of notice of claim: Evidence: Return of officer: Building contract: Extras.*

1. In an action to foreclose a subcontractor's lien a personal judgment against the owner is erroneous in the absence of evidence showing his personal liability to the plaintiff.
2. The fact that plaintiff's attorney or some third person was unable to find in the county any agent of the owner to whom notice of the lien claim could be given in compliance with sec. 3315, Stats. 1898, does not show the plaintiff's inability to find such an agent, especially where it appears that the owner had an agent in the county and that plaintiff while doing the work as subcontractor had had continual dealings with said agent in his capacity as such.
3. The notice of claim for a subcontractor's lien is not process, and a certificate or return signed by a deputy sheriff, to the effect that after diligent search in the county he was unable to find the owner or any agent upon whom such notice could be served, has no evidentiary force.
4. Under a building contract providing that the architect might direct alterations only by making a written agreement with the contractor in advance, if no such agreement was made and there was no waiver by the contractor a subcontractor cannot recover from the contractor for extra work done without the consent or authority of the latter.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

Action to foreclose mechanic's lien. Defendant *Findley,* having taken a contract to build a house for defendant *Eckels* according to certain plans and specifications, sublet a contract for the mason work and materials according to said specifications to the plaintiffs for $3,555. The plaintiffs proceeded with the work and claimed to have completed it, and defendant *Findley* went on with the construction of the rest.

of the house according to numerous modifications of the design. He paid large sums of money to the plaintiffs and for the labor and material employed and purchased by them. Within sixty days after plaintiffs' last work a notice was issued and filed in the office of the clerk of the circuit court for Waukesha county to the effect that the plaintiffs would claim a subcontractors' lien, which notice bore an indorsement signed "E. W. Delaney, Deputy Sheriff Waukesha County," certifying that after diligent search in Waukesha county covering about two months prior to September 1, 1903, he had been unable to find either defendant *Eckels* or any agent upon whom he could make service of the paper thereto attached. No other attempted proof of effort to find either *Eckels* or an agent was made, except the testimony of plaintiffs' attorney that he wrote a letter to an acquaintance at Oconomowoc, who replied that he had no knowledge of any such agent. Suit was thereafter commenced claiming a subcontractors' lien for the balance of contract price, and extras ordered by defendant *Findley,* in the sum of $315.40, making a total claim of $1,504.07. The answer alleged payment to the plaintiffs of $3,656.40, complete failure of plaintiffs to perform their contract, and also damages from defective work in breach of the contract by plaintiffs to the amount of $550, making a total of $4,206.40, for which, by counterclaim, judgment was demanded against the plaintiffs. *Eckels's* answer was substantially a general denial of everything except the contract between him and *Findley.* The court found that plaintiffs had substantially performed their contract; that they were entitled to certain extras aggregating $119.90; that defendant *Findley* had paid $3,013.78, and that there was defective work repaired or rebuilt to the sum of $127.68, and accordingly rendered personal judgment against both *Eckels* and *Findley* for said sum of $536.44, together with costs, and that said amount be a lien upon the interest of *Eckels* in the premises described, and for enforcement of the lien in the

usual form, with order for deficiency judgment. From that judgment both defendants appeal.

*John A. Kelly,* for the appellants.

*C. E. Armin,* for the respondents.

Dodge, J. The personal judgment against the defendant *Eckels* is so obviously unwarranted and erroneous as to be quite inexplicable. There is no pretense either in allegation or proof of any privity between the owner and the subcontractors, or of any promise by the former to pay the latter, from which could result personal liability.

Another error assigned in the interest of defendant *Eckels* is the failure to give notice to him or his agent of a claim to subcontractors' lien, in compliance with sec. 3315, Stats. 1898. That statute requires that within sixty days a notice be given to the owner, or his agent, if to be found in the county, and, if neither can be found therein, by filing such notice in the office of the clerk of the circuit court of said county. Manifestly the burden of proof is upon the plaintiff claiming a lien to show the existence of a condition which justifies omission to serve the notice on the owner or his agent, and to substitute therefor a filing in the clerk's office. The proof is overwhelming and undisputed that at all times material to this case defendant *Eckels,* who resided in Chicago, did have an agent in charge of the building and grounds on which it was situated, in the town of Oconomowoc, in Waukesha county, and that the plaintiffs knew such fact, having had continual dealings with such agent in his capacity as such while engaged in doing their work. Against this there is no evidence except that mentioned in the statement of facts, which, even if accepted as evidence, does not at all controvert either the existence of such an agent or that plaintiffs knew of him. The fact that a plaintiff's attorney, or some third person, is unable to find any agent by no means proves the plaintiff's inability

when he is shown to have such knowledge as above stated. Further, there is no evidentiary force whatever to the so-called return or certificate signed by the deputy sheriff. An official certificate is evidence only by virtue of the statute, and none can be found giving such effect to a mere declaration by a deputy sheriff that he has searched for, and has not found, a certain person; unless indeed as a part of the return upon process, and whether then or not we need not decide. The notice in question is in no sense process. It issues from no court, but is wholly *inter partes. Dusick v. Green,* 118 Wis. 240, 95 N. W. 144. We must conclude, therefore, that there is no proof of a legal service of any notice of subcontractors' lien; indeed, that the negative is overwhelmingly established; hence that plaintiffs are not entitled to any subcontractors' lien, and judgment should have gone in favor of defendant *Eckels.*

The failure of lien, however, does not prevent recovery against the person liable for the debt. Sec. 3324, Stats. 1898. Hence we must proceed to a review of the errors assigned upon the amount adjudged in plaintiffs' favor against *Findley.* After some hesitation we have reached the conclusion that we cannot say with the necessary certainty that the evidence preponderates against the court's finding that the plaintiffs substantially performed the work contracted for, although there is very much evidence of great recklessness and insubordination and of defective workmanship. We therefore cannot set aside this finding, from which results the right of the plaintiffs to recover the contract price, subject to such deductions and offsets as may result from the expense or damage caused to the defendant *Findley* by reason of defects or insufficiencies in the work.

On the subject of extras, however, we find not only no evidence to support any liability of *Findley,* but evidence from both plaintiffs and defendant that none of the extras claimed

were performed by the direction or with the consent or author-
ity of *Findley,* nor under any promise by him to pay there-
for.    Neither do we find, as in some building contracts, that
*Findley* consented that the supervising architect might di-
rect extras.    The nearest approach to such a provision is that
such architect may direct alterations only by making a written
agreement with *Findley* in advance, specifying such altera-
tions and fixing the extension of time justified thereby and
the price thereof.    There is no pretense that any such agree-
ment was made with reference to any of the so-called extras
claimed by the plaintiffs, nor that *Findley* in any way waived
the contract requirement.    Hence we must conclude that the
allowance of $119.90 for extras was in defiance of all evi-
dence.

Upon the subject of payments, after an examination of
the record we are unable to discover that defendant has suc-
cessfully proved any, either to the plaintiffs or upon their au-
thority, greater than the amount allowed by the court.    While
it may well be that defendant's own evidence establishes pay-
ments in much larger amount, he has failed to show any au-
thority for a large part thereof, and has also failed to show
the payment of considerable sums which the plaintiffs admit
having authorized.    The total of those which he shows he has
paid for which he shows any authority or request by plaint-
iffs does not exceed the $3,013.78 allowed by the judgment.

Much the same state of evidence exists with reference to
the alleged damages occasioned defendant *Findley* by the de-
fective and unworkmanlike manner in which plaintiffs per-
formed the work.    Either there is no evidence as to the ex-
pense necessary to remedy such defects, or there is failure of
proof that defendant *Findley* has been or will be put to such
expense.    The amounts of which there is any reasonably clear
and direct proof do not exceed the $127.68 allowed in the
judgment.    Hence we are unable to reverse findings of the
trial court upon these subjects, and its conclusion that *Find-*

*ley* is indebted to the plaintiffs for the amount adjudged must stand, except as to the item of $119.90 allowed for extras.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter personal judgment in favor of the plaintiffs and against the defendant *A. Findley* alone for the sum of $416.54, together with interest from October 7, 1903, the date of commencing suit; also to dismiss the complaint as against defendant *James H. Eckels.*