HEDGES COMPANY, Appellee, v. J. L. HOLLAND et al., Appellants.

**MORTGAGES: Consideration—Default of Loan Agent.** A mortgagor
1   may not assert failure of consideration for the mortgage because his own duly authorized agent to procure the loan and receipt for the proceeds did not remit the proceeds to him. (See Book of Anno., Vol. 1, Sec. 9441.)

**MECHANICS' LIENS: Priority—Additions, Repairs, and Betterments—**
2   **Refusal of Proportional Distribution on Sale.** Failure of the court to decree a proportional part of the proceeds of a mortgage foreclosure sale to the prior mortgagee and a proportional part to the subsequent mechanic's lien holder for additions, repairs, and betterments is harmless error when the property sold simply for the amount of the mortgage and the mechanic's lien holder did not redeem.

Headnote 1: 2 C. J. p. 658.   Headnote 2: 4 C. J. p. 1061.

*Appeal from Buchanan District Court.—*É. B. STILES, Judge.

MARCH 8, 1927.

REHEARING DENIED JULY 1, 1927.

Action in equity against the mortgagors and a subsequent lien holder, to foreclose a mortgage upon real property. Decree as prayed, and the defendants appeal.—*Affirmed.*

*Roy A. Cook,* for appellants.

*M. D. Porter* and *Hasner & Cherny,* for appellee.

STEVENS, J.—The mortgage, foreclosure of which is sought in this action, was executed August 16, 1923, upon Lot 2 in Denny's Addition to the city of Independence, by J. L. and

1. MORTGAGES: consideration: default of loan agent.

Emelyn V. Holland, to secure the payment of a certain note for $7,500, executed and payable to appellee. The defendant H. E. Smith, who also appeals, is the owner of a mechanic's lien on the mortgaged premises. The legal title to the property at the time the mortgage was executed was in the appellant J. L. Holland, who occupied the same as a homestead; but the equitable title was owned jointly by him and the American Farm Company, a copartnership, composed of H. J. Soper and A. S. Peddie. The interest of Holland was an undivided one-half interest. The dwelling house situated on the premises was damaged by fire sometime prior to the date of the mortgage.

The defense interposed by the Hollands was that there was a total failure of consideration for the note and mortgage. On or about November 8, 1923, the Hollands conveyed the legal title to the property, subject to the mortgage incumbrance, to Irma C. Hasek, bookkeeper for the American Farm Company, for the convenience of the joint owners thereof. George F. Hedges, of the appellant company, is the father-in-law of Peddie. Hollands admitted that they authorized Peddie, to whom the proceeds of the loan were paid, to secure the loan for them. They denied that he was authorized to receive the money. Whether the money was appropriated by Peddie to his own use, or used for

some purpose in the interest of the holders of the equitable title to the property, is not disclosed by the record. It is shown, however, that no part of the proceeds thereof was received by the Hollands. The mortgage covered the property as a whole, and there was, therefore, a consideration for the note. The trial court evidently found that Peddie acted as the agent for the owners of the property in procuring the loan, and that he was authorized to receive the proceeds, out of which he was to be paid a commission of $500. This finding is supported by the evidence. The defense of a failure of consideration was not, therefore, available to appellants.

The Home Construction Company, a copartnership, of which E. H. Smith is a member, furnished material and labor to repair the building, between September 15, 1922, and February 23, 1924, for which a mechanic's lien on the premises is claimed. Smith, who alleged that he was the owner of the claim and of the mechanic's lien, filed a cross-petition, praying the foreclosure thereof, and for proper equitable relief.

2. MECHANICS' LIENS: priority: additions, repairs, and betterments: refusal of proportional distribution on sale.

The evidence tended to show that the value of the dwelling house situated upon the mortgaged premises was enhanced in value to the extent of $161 by the material purchased of crosspetitioner and used in repairing said building, and by the labor expended thereon.

Subdivision 2 of Section 10290 of the Code of 1924 is as follows:

"If the material furnished or labor performed was for additions, repairs, or betterments upon any building, the court shall take an accounting of the values before such material was furnished or labor performed, and the enhanced value caused by such additions, repairs, or betterments; and upon the sale of the premises, distribute the proceeds of such sale so as to secure to the prior mortgagee or lien holder priority upon the land and improvements as they existed prior to the attaching of the mechanic's lien, and to the mechanic's lien holder priority upon the enhanced value caused by such additions, repairs, or betterments. In case the premises do not sell for more than sufficient to pay off the prior mortgage or other lien, the proceeds shall be applied on the prior mortgage or other liens."

The decree denied relief to cross-petitioner under the fore-

going statute. The cross-petition as to appellee was dismissed, and continued as to all other parties. Special execution was issued, and the property sold thereunder on January 14, 1926, to appellee for the full amount of its judgment. It is stated in appellee's amendment to the abstract that no redemption, the right to which has now expired, was made from the execution sale. Cross-petitioner was not, therefore, prejudiced by the refusal of the court to provide in the decree for a proportional distribution of the proceeds of the sale.

Further discussion of the propositions argued by counsel is unnecessary. The decree should be, and is in all respects, affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.