BREUER, Administratrix, Respondent, vs. ARENZ, Appellant.

*October 15—November 11, 1930.*

For the appellant there was a brief by *Schlabach & Steele* and *Lees & Bunge,* all of La Crosse, and oral argument by *George W. Bunge.*

For the respondent there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

FRITZ, J. Defendant was a retail shoe dealer at La Crosse, and from December, 1924, to May, 1925, while he was temporarily in Florida, he left his business in charge of his son, who had authority to sign promissory notes. Marie Wester, the daughter of a niece of Richards, had been in defendant's employment for several years as bookkeeper and cashier.

The evidence, without contradiction, establishes the occurrence of the following transactions: On March 14, 1925, Marie Wester borrowed $2,000 from the Security Savings Bank on her own promissory note and collateral. She deposited the $2,000 to defendant's credit in his checking account at the National Bank of La Crosse and that credit was used in making payments to his merchandise creditors. On the debit side of defendant's cash book Marie Wester wrote, "March 16, Marie $2,000." On March 18, 1925,

Richards left $1,500 with Marie Wester at defendant's store, and she took that money to the Security Savings Bank and there applied it as a payment on her $2,000 loan. A few days later Richards told Marie Wester that he wanted something to show for the loan. She said that she could not sign notes for the defendant and that Richards should wait until the defendant returned. Richards asked for a receipt to show that he had loaned the $1,500 to the defendant. She then gave Richards her own promissory note for $1,500 with interest at five per cent. per annum, payable on demand, and told him to keep it until the defendant returned and signed a note for Richards.

No entry was ever made on the defendant's books as to the $1,500 item, and neither the defendant nor his son had any knowledge of the transactions between Richards and Marie Wester in relation to that item until after her discharge in September, 1925. Although the defendant gave Richards a new note to renew the $2,000 loan, no note was ever signed or delivered by the defendant to Richards for the $1,500; and the defendant testified that he always refused to give his note for the $1,500.

On the other hand, evidence, disputed and contradicted by defendant, was introduced by plaintiff to the following effect: That in 1924 defendant had told Richards, "Whenever you have any money you can loan, will you bring it down to the store, and, if I am not there, give it to Marie." Also, that in February or March, 1926, and again on May 30, 1927, when the defendant requested a loan from Richards, he said that he wanted better security for the $1,500, and that the defendant then told him not to worry— that he would take care of it.

On the trial the defendant contended, and by proper questions and offer of proof sought to establish, that on March 14, 1925, Marie Wester had overdrawn her account with the defendant and was indebted to him for $2,400, be-

fore applying to her credit the $2,000 which she borrowed on her own note from the Security Savings Bank; and that after applying those $2,000 to her credit she was still indebted to the defendant for more than $400. That proof was excluded on objections by plaintiff to the questions and offer.

In a special verdict the jury found:

1. That the $1,500 delivered by Richards to Marie Wester were received and used by the defendant in the conduct of his business;

2. That the defendant, after the receipt of the $1,500 by Marie Wester, had knowledge of the fact of its use in the conduct of his business;

3. That subsequent to the delivery of the $1,500 to Marie Wester, the defendant acknowledged it as a loan to himself and agreed to pay the same.

To render the defendant liable to Richards by reason of the transactions between Marie Wester and Richards in March, 1925, it would be necessary to establish either (1) that the defendant received or became enriched, without consideration, by reason of the $1,500 being left with Marie Wester; or (2) that defendant prior to March 18, 1925, expressly or impliedly authorized the leaving of money with Marie Wester for the purpose of loaning it to defendant, and that Richards left the $1,500 with her solely as a loan to the defendant. If she was so authorized, and Richards left the $1,500 with her as a loan to defendant, he would be liable even if she thereafter embezzled or misapplied it. 2 Corp. Jur. p. 658, and cases cited in note 72; *Hedges Co. v. Holland,* 203 Iowa, 1149, 212 N. W. 480. There were conflicts and contradictions in the evidence which was received on all of those issues, because of which the parties were entitled to have those issues determined upon the evidence which was received and also such evidence as was properly offered and admissible. However, the record

discloses that prejudicial errors were committed in excluding certain evidence which was decidedly material on those issues. On the one hand, defendant should have been permitted to introduce his proof that on March 14 and 18, 1925, Marie Wester was indebted to the defendant, even after giving her credit for the $2,000 which she deposited to his credit on March 14, 1925. As Marie Wester paid Richards' $1,500 directly to the Security Savings Bank on account of her own note, the defendant did not receive and was not enriched by receiving the $1,500 directly from Richards. If the defendant was enriched at all by that money, it was only because it was used indirectly for him by Marie Wester substituting Richards in place of herself as a creditor of the defendant, when she used Richards' money to pay her own note. However, there could only have been such a substitution if she was a creditor of the defendant on March 18, 1925. No such indirect benefit to defendant resulted if Marie Wester, instead of being a creditor of the defendant, was in fact indebted to him in excess of $2,000 on March 14, 1925. In the latter event her $2,000 did not enrich the defendant without consideration, but were merely received by him in consideration and discharge of her indebtedness to defendant. If so, her $2,000 loan at the bank was made by her for her own benefit, to discharge her indebtedness to defendant; and likewise her use of Richards' $1,500 was to pay part of her $2,000 indebtedness to the Security Savings Bank, and did not even indirectly enrich the defendant or render him liable to Richards. Consequently, in so far as Richards' right to recover was dependent upon his establishing a cause of action for money had and received, the status of the account between Marie Wester and defendant on March 14 and 18, 1925, was decidedly material. The exclusion of the defendant's proposed proof on that subject constituted prejudicial error, because of which

the defendant is entitled to a retrial of the issue of whether the defendant received, or became enriched, without consideration, by reason of the $1,500 which Richards delivered to Marie Wester.

On the other hand, prejudicial error was likewise committed by striking out the following testimony by defendant's son as to an alleged admission made by Richards, to wit:

". . . That Marie pleaded with him for the money and he finally consented to let her have it, with the understanding that my dad was to sign the note and she assured him that he would, upon his return, and he then let her have the money."

That declaration of Richards admitted of the inference that the money was left by Richards with Marie Wester as a loan to her. If so, the admission was very material because if Richards left that money with Marie Wester as a loan to her, then the defendant was not liable, even though he had theretofore authorized Marie to receive money left at the store as a loan to him, or she told Richards that upon his return the defendant would sign a note for the $1,500 which Richards was letting her have. Although Richards died before the trial, his admissions were competent against his personal representatives. 22 Corp. Jur. p. 363, § 430; 2 Jones, Comm. on Ev. (2d ed.) §§ 903, 908. The defendant was entitled to have that testimony go to the jury if he is to be held liable on the theory that other evidence, which was received, established that Richards delivered the money to Marie Wester as a loan to defendant, who had theretofore authorized her to receive for him money so loaned. If there had been a finding adverse to defendant on that issue, he would have been entitled to a retrial thereof because of the prejudicial exclusion of that material testimony. As no finding was actually made or requested on that issue, it

would ordinarily be deemed to have been determined by the court in conformity with the judgment. Sec. 270.28, Stats.; *Delfosse v. New Franken Oil Co.* 201 Wis. 401, 230 N. W. 31, 33. However, under the circumstances, such an assumed determination by the court without due consideration and effect having been given to erroneously excluded testimony, should not be permitted to stand.

The basis for the jury's finding that subsequent to the delivery of the $1,500 to Marie Wester the defendant acknowledged that loan as a loan to himself, and agreed to pay it, is based upon testimony that the defendant—upon asking Richards to loan more money and being told by Richards that he wanted better security for the $1,500—told Richards that he would take care of it. That promissory statement, if made at all, was merely oral, and, as no money was in fact ever loaned, or contracted to be loaned, in consideration of such promise, it was without consideration. That being true, if, for reasons stated above, no obligation on defendant's part then existed for money had and received, and the indebtedness was owing by Marie Wester only, then defendant's mere oral promise, without consideration, was invalid and unenforceable. It was nothing more than an oral promise to answer for the debt, default, or miscarriage of another person, and hence was void under sec. 241.02 (2), Stats., providing that every such agreement "shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith." *State Bank of Eastman v. Rawson,* 182 Wis. 422, 433, 196 N. W. 779; *Iowa County Bank v. Graber,* 189 Wis. 277, 284, 206 N. W. 835.

Under the circumstances disclosed on the trial, Richards' estate is entitled to recover of the defendant only on the theory of liability for money had and received. However, for reasons discussed above, defendant is entitled to a retrial

of the issues of fact, which must be determined favorably to the plaintiff in order to subject the defendant to liability for money had and received.

Defendant also took exceptions to rulings which allowed extensive cross-examination by plaintiff of Marie Wester, when plaintiff called her as an adverse witness under sec. 325.14, Stats., but who appeared quite hostile to defendant; and also rulings which prevented defendant from cross-examining that witness. As the trial proceeded and the evidence disclosed the hostile attitude of that witness, the court's rulings became more favorable to the defendant. If upon a retrial the witness appears hostile, the defendant will be entitled to re-examine her, immediately at the close of plaintiff's examination, as to all matters tending to explain or qualify her prior testimony, excepting defensive matters not brought out by plaintiff's counsel; and defendant may also lay a proper foundation for purpose of impeachment upon stating that he does not intend thereafter to make the witness his own. *Adams v. Bucyrus Co.* 155 Wis. 70, 75, 143 N. W. 1027; *Guse v. Power & M. M. Co.* 151 Wis. 400, 139 N. W. 195. When such foundation has been laid, pleadings verified by the witness, as well as other former statements by her whether oral or written, which are inconsistent with or contradict such of her testimony as is material to the issues, may be used for impeachment.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.