LIMBACH, Respondent, vs. SCHMALZ, imp., Appellant.

*May 10—June 20, 1932.*

The cause was submitted for the appellant on the brief of *Sawyer & Gehl* of Hartford, and for the respondent on that of *O'Meara & O'Meara* of West Bend.

FAIRCHILD, J. One under contract to render services must look to his employer for compensation unless in a proper case he has availed himself of the auxiliary remedy of a laborer's or mechanic's lien, secured a valid written promise of another to pay the employer's debt, or a novation has been made and a new debtor substituted. It appears from the evidence that respondent and his co-laborer Wick were uneasy because of their employer's (Schreck's) failure to pay them their wages due on this and other jobs. Respondent testified: "My testimony now is that I told Schmalz that I had some money coming from Schreck and asked him to take care of me. He said he would take care of me." There is testimony of a similar character by Wick concerning a conversation in which he, Eschweiler, and Schmalz took part while respondent was present. The situation is fairly disclosed by the statement of facts and the evidence just referred to; and the proposition to be dealt with is, under this evidence, has the appellant become responsible for payment of wages due from Schreck to Schreck's employees, the respondent and Wick.

There was no contractual relation between Schreck and Schmalz; Schreck would have no direct claim against Schmalz. In the absence of a proper lien Schreck would be confined to his remedy against Eschweiler. Schmalz's contract was with Eschweiler. Eschweiler had sublet the mason work to Schreck, who hired respondent and Wick

to work for him. The jury did find that Schmalz "agreed to keep back money enough to pay" respondent and Wick. The agreement developed by this evidence at most was collateral and recognized the primary liability of Schreck. When the conversations are viewed in the light most favorable to the respondent's contention, there is nothing more than an agreement to answer for the debt or default of another, not in writing and therefore void. Sec. 241.02, Stats., provides that every such promise "shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith." *Commercial Nat. Bank v. Smith,* 107 Wis. 574, 83 N. W. 766; *State Bank v. Rawson,* 182 Wis. 422, 433, 196 N. W. 779; *Iowa County Bank v. Graber,* 189 Wis. 277, 284, 206 N. W. 835; *Breuer v. Arenz,* 202 Wis. 453, 460, 233 N. W. 76.

The respondent having failed to avail himself of the opportunity offered by the mechanic's lien statute and there being no existing valid promise binding appellant to pay the debt of Schreck to respondent or his assignor, no cause of action exists in his favor against appellant.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in appellant's favor dismissing the complaint.