BREUER, Administratrix, Respondent, vs. ARENZ, Appellant.

*October 13—November 9, 1932.*

436

For the appellant there was a brief by *Schlabach & Steele* and *Lees & Bunge,* all of La Crosse, and oral argument by *George W. Bunge.*

For the respondent there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

OWEN, J. The original complaint, as amended, set forth three causes of action. The first was to recover on a promissory note in the sum of $2,000. This note was paid subsequent to the commencement of the action, thereby terminating that cause of action. The remaining two causes of action arise out of an alleged loan made by the deceased, Henry Richards, to the defendant on or about the 16th day of March, 1925. One of such causes of action is based on an express contract, it being alleged that the plaintiff loaned to the defendant the sum of $1,500 in cash, which he re-

fused to pay. The other cause of action relates to the identical $1,500, but is for money had and received.

Upon the first trial of the case the jury rendered a verdict in favor of the plaintiff and against the defendant, on the theory of money had and received. This judgment was reversed by this court. The case will be found reported in 202 Wis. 453, 233 N. W. 76. The judgment now appealed from was rendered upon a trial had pursuant to the mandate of this court on the former appeal. Upon the second trial, resulting in the judgment now appealed from, the plaintiff relied entirely upon the express contract, claiming that Henry Richards loaned to the defendant the sum of $1,500 which the defendant expressly promised to repay.

The first contention of the appellant to be considered is that the decision of this court in *Breuer v. Arenz*, 202 Wis. 453, 233 N. W. 76, is *res adjudicata* upon the question of whether an express contract existed between the parties, as it is claimed that the decision on the appeal in that case adjudicated the non-existence of any such contract, as a result of which the present judgment is without any basis or foundation. There is certain language in the opinion which, taken by itself, suggests the conclusion of this court that the only theory upon which the plaintiff could recover was that of liability for money had and received. However, the judgment of the court remanded the case with directions to grant a new trial. The judgment of the court did not limit the new trial to the cause of action stated for money had and received. Moreover, the opinion taken as a whole reveals no intention on the part of this court to so limit the new trial, nor does it indicate the conclusion of this court that the plaintiff had no cause of action upon express contract. While the special verdict upon that trial was pertinent only to the cause of action for money had and received, the court pointed out that error occurred in the exclusion of evidence

which should have been admitted as bearing upon the question of whether there was an express contract. The court said:

"The defendant was entitled to have that testimony go to the jury if he is to be held liable on the theory that other evidence, which was received, established that Richards delivered the money to Marie Wester as a loan to defendant, who had theretofore authorized her to receive for him money so loaned. If there had been a finding adverse to defendant on that issue, he would have been entitled to a retrial thereof because of the prejudicial exclusion of that material testimony. As no finding was actually made or requested on that issue, it would ordinarily be deemed to have been determined by the court in conformity with the judgment. Sec. 270.28, Stats.; *Delfosse v. New Franken Oil Co.* 201 Wis. 401, 230 N. W. 31, 33. However, under the circumstances, such an assumed determination by the court without due consideration and effect having been given to erroneously excluded testimony, should not be permitted to stand."

These statements certainly negative any conclusion on the part of this court that what occurred on the first trial settled the question against the plaintiff as to whether he had made a loan to the defendant. This error was pointed out so that it might be avoided upon a second trial. It therefore appears that the first judgment was reversed and the case was remanded by this court with directions to grant a new trial upon any and all issues raised by the pleadings. This is the plain import of the mandate, and the opinion, which may be looked to in construing the mandate (*State ex rel. Reynolds v. Breidenbach,* 205 Wis. 483, 237 N. W. 81), raises no ambiguity with reference thereto.

The evidence introduced upon the second trial, and here under review, is confined to the question of whether there was an express loan by the plaintiff to the defendant. No attempt was made upon this trial to show that the money with which plaintiff parted ever reached the defendant's

business or that he enjoyed the use and benefit thereof. So far as the evidence bears upon the question of an express loan, it does not materially differ from that under review on the former appeal. So far as necessary to present the legal questions here raised, it may be summarized as follows: The defendant Arenz had for many years been in the retail shoe business in the city of La Crosse. He and the deceased, Henry Richards, were close friends. The defendant frequently borrowed money from Richards. The evidence shows that the defendant, in the financing of his business, preferred to borrow money from his friends, and other individuals, rather than to avail himself of accommodations afforded by banks. Marie Wester, distantly related to the plaintiff, was a trusted employee of the defendant. She was bookkeeper and cashier. Her general duties were to take charge of the cash, deposit it in the bank, keep the books, and send checks in payment of merchandise bills. She had been in the defendant's employ for a number of years. There is testimony in the case to the effect that sometime during the summer of 1924 the defendant said to Henry Richards that whenever he had any money to loan he, the defendant, could use it; that whenever he had any money he could bring it in and, if the defendant was not there, he could leave it with Marie and she would attend to it.

On or about the 16th day of March, 1925, the plaintiff did take to the defendant's store the sum of $1,500 for the purpose of loaning the same to the defendant. At that time the defendant was not in the store, nor was he in the city. He was in the south for the purpose of recuperating his health, had been since December, and did not return to the store until July, 1925. However, Richards left the money with Marie, presumably under the directions of the defendant that, if he was not there, he could leave the money with Marie and she would attend to it. Within a day or

two after that time, Richards returned to the store and told Marie that he did not have anything to show that he had left his money there. Marie told him that she did not have any authority to sign notes, that the defendant was away, and that he would attend to it when he returned. Richards, however, insisted that he should have something to show that he had left the money there. Thereupon Marie executed and delivered to him her personal note for the $1,500, due on demand. She assigned as a reason for giving Richards her personal note that she understood his peculiarities and knew that he would not be satisfied with a receipt or other evidence signed in the name of Arenz unless it was in Arenz's handwriting. There is further evidence to the effect that when Arenz returned Richards spoke to him about this $1,500 and said he wanted it secured, and Arenz told him not to worry about that, that he would attend to it.

There is evidence in the case which casts doubt upon the foregoing, but it does no more than raise a jury question as to whether the transaction was as above set forth.

The jury found that on or about March 16, 1925, Henry Richards did deliver to Marie Wester, as agent of the defendant, $1,500 for and as a loan to the defendant; that the defendant had theretofore authorized Marie Wester to borrow said money as his agent, on his credit, and that Henry Richards did not accept the note of Marie Wester and treat the loan as a loan to her personally instead of a loan to the defendant, intending to waive any right he may have had to look to the defendant for payment. The trial court approved this verdict and rendered judgment thereon in favor of the plaintiff. The evidence above detailed abundantly supports the verdict. If the defendant told Henry Richards to bring money he had to loan to the store and leave it with Marie if he was not there and she would attend to it, he constituted Marie his agent to receive the money. What Marie did with the money after she received it was no

concern of Henry Richards. In handling the money after Richards left it with her she was the agent of Arenz and, if she was not faithful to the trust reposed in her, loss resulting from her misconduct was the loss of Arenz and not that of Richards. The mere fact that Marie Wester delivered to Richards her personal note for the $1,500 does not, under the explanation, conclusively indicate that the original transaction was not that of a loan from Richards to Arenz. No reason is perceived why Marie Wester could not have defended any action which Richards might have brought against her to recover on the note on the ground that it was not her note, that there was no consideration therefor, and did not represent any transaction between her and Richards personally. At any rate Arenz cannot invoke this circumstance to conclusively show that Richards did not leave the money with Marie pursuant to the original conversation between Arenz and Richards. At the most it constitutes but a circumstance which the jury was entitled to weigh and consider in arriving at its conclusion concerning the nature of the transaction. The jury having found that the transaction was intended to and did constitute a loan from Richards to Arenz, and the able trial judge having approved the verdict, we discover no ground for setting it aside.

*By the Court.*—Judgment affirmed.