UTSCHIG, Plaintiff and Respondent, v. McCLONE and others, Defendants: KRAMER, Defendant and Appellant.

*April 5—May 1, 1962.*

For the appellant there was a brief by *Dudek & Banholzer,* attorneys, and *Robert A. Slattery* of counsel, all of Milwaukee, and oral argument by *Mr. Slattery.*

For the respondent there was a brief and oral argument by *George T. Stine* and *L. R. Johnson,* both of Menasha.

BROWN, J. Plaintiff-respondent Utschig brought suit against defendant McClone and defendant-appellant Kramer to recover $2,053.58 allegedly due for masonry work performed and materials furnished. This includes a claim for certain extras amounting to $258.18. The complaint alleges that defendant McClone, as principal contractor, entered into an agreement to construct a home for appellant-defendant Kramer and McClone then employed Utschig as subcontractor to perform the masonry work. The complaint alleges that Utschig performed this work, demanded payment and that both McClone, as principal contractor, and Kramer, the homeowner, have refused to pay.

The complaint further avers that Kramer knowingly accepted and retained the improvements. Kramer also informed plaintiff that funds were available from a loan to pay for plaintiff's material and labor, but because of a dispute between Kramer and McClone, the former refused to authorize payment of the amount due Utschig and withdrew the funds remaining in the loan account and has "refused to pay the amount due to said principal contractor or to plaintiff as subcontractor."

Appellant's major argument on this appeal is that a subcontractor cannot obtain direct relief against a property owner except on an express contract. Since no express contract existed here, appellant contends that the requisite privity is lacking and the subcontractor's remedies must be against his principal.

In *Ponti v. Eckels* (1906), 129 Wis. 26, 28, 108 N. W. 62, we held that a personal judgment against the property owner was erroneous as "there is no pretense either in allegation or proof of any privity between the owner and the subcontractors, or of any promise by the former to pay the latter, from which could result personal liability."

In *Limbach v. Schmalz* (1932), 208 Wis. 396, 398, 243 N. W. 480, we said:

"One under contract to render services must look to his employer for compensation unless in a proper case he has availed himself of the auxiliary remedy of a laborer's or mechanic's lien, secured a valid written promise of another to pay the employer's debt, or a novation has been made and a new debtor substituted."

17 C. J. S., Contracts, p. 839, sec. 370, states that subcontractors must resort for payment to the principal contractor, as in the absence of an express contract there is no privity between a subcontractor employed by a general building contractor and the owner and the liability of the owner is only to the general contractor who is liable to the subcontractor. 12 Am. Jur., Contracts, p. 505, sec. 7, takes the same position, saying that the owner is not liable as on an implied contract simply because he has received services or goods.

Respondent in his brief and on oral argument apparently concedes the validity of these Wisconsin decisions but he contends that, as they were not decided on demurrer, as here, they are inapplicable. We do not see that the con-

ceded facts produce a result different from the same facts if established by trial. Respondent's complaint alleges substantially similar facts in this subcontractor and property-owner dispute. The complaint alleges a contract between the principal contractor and the subcontractor, and except for the "extras" makes no allegations that would distinguish this situation.

Respondent emphasized the importance of these extras ($258.18) during his oral argument. He claimed that the appellant induced him to perform these extras with a promise of immediate payment. However, the demurrer deals with the facts as pleaded. His complaint alleges the extra labor and material were performed or furnished under the contract between principal and subcontractor. Thus, in the complaint the extras do not appear to establish privity between the property owner and the subcontractor under the facts alleged in the complaint.

Respondent also attempts to invoke estoppel *in pais* in this case. His contention is that by refusing payment the appellant is now precluded from denying respondent's asserted rights in this case. However, as appellant points out, the respondent must first establish his right of recovery; something estoppel will not do.

"The effect of an estoppel *in pais* is to prevent the assertion of what would otherwise be an unequivocal right. . . . Such an estoppel operates always as a shield, never as a sword. . . . and it does not of itself create a new right." 19 Am. Jur., Estoppel, p. 639, sec. 40. See also 31 C. J. S., Estoppel, pp. 236, 248, secs. 59, 62.

By the subcontractors' lien statutes, sec. 289.02, Stats., and following, the law has offered security and protection to a subcontractor. His failure to avail himself of the remedy so provided does not produce for him a right to recover payment directly from an owner who did not employ

him and with whom he had no contract. Of course the subcontractor retains his right to proceed against the party who employed him.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the demurrer, with further proceedings not inconsistent with the opinion.