SUPERIOR PLUMBING COMPANY, INC., Respondent, v. TEFS, Appellant.

*April 1—April 27, 1965.*

For the appellant there was a brief and oral argument by *Herbert A. Eggie* of Milwaukee.

For the respondent there was a brief by *Irving D. Gaines,* attorney, and *Paul E. Sicula* of counsel, both of Milwaukee, and oral argument by *Mr. Gaines.*

BEILFUSS, J. The owner, defendant-appellant, contends that the complaint does not state facts sufficient to state a cause of action; the subcontractor, plaintiff-respondent, asserts it states a cause of action for unjust enrichment.

The complaint does not allege an express contract between the owner and the subcontractor; nor does it make reference to the filing or prosecution of a subcontractor's lien as provided by sec. 289.02, Stats.

The defendant relies upon the decisions of this court in *Utschig v. McClone* (1962), 16 Wis. (2d) 506, 114 N. W. (2d) 854, and *Limbach v. Schmalz* (1932), 208 Wis. 396, 243 N. W. 480.

In the *Utschig Case* we stated, at page 508:

"Appellant's major argument on this appeal is that a subcontractor cannot obtain direct relief against a property owner except on an express contract. Since no express contract existed here, appellant contends that the requisite privity is lacking and the subcontractor's remedies must be against his principal.

"In *Ponti v. Eckels* (1906), 129 Wis. 26, 28, 108 N. W. 62, we held that a personal judgment against the property owner was erroneous as 'there is no pretense either in allegation or proof of any privity between the owner and the subcontractors, or of any promise by the former to pay the latter, from which could result personal liability.'

"In *Limbach v. Schmalz* (1932), 208 Wis. 396, 398, 243 N. W. 480, we said:

" 'One under contract to render services must look to his employer for compensation unless in a proper case he has availed himself of the auxiliary remedy of a laborer's or mechanic's lien, secured a valid written promise of another to pay the employer's debt, or a novation has been made and a new debtor substituted.'

"17 C. J. S., Contracts, p. 839, sec. 370, states that subcontractors must resort for payment to the principal contractor, as in the absence of an express contract there is no privity between a subcontractor employed by a general building contractor and the owner and the liability of the owner is only to the general contractor who is liable to the subcontractor. 12 Am. Jur., Contracts, p. 505, sec. 7, takes the same position, saying that the owner is not liable as on an implied contract simply because he has received services or goods."

And at page 509, we said:

"By the subcontractors' lien statutes, sec. 289.02, Stats., and following, the law has offered security and protection to a

subcontractor. His failure to avail himself of the remedy so provided does not produce for him a right to recover payment directly from an owner who did not employ him and with whom he had no contract. Of course the subcontractor retains his right to proceed against the party who employed him."

The plaintiff argues that the *Utschig* and *Limbach Cases* must be distinguished and limited for the reason that unjust enrichment was neither claimed by the subcontractor nor considered by the court. It contends that *Kelley Lumber Co. v. Woelfel* (1957), 1 Wis. (2d) 390, 83 N. W. (2d) 872, and *Nelson v. Preston* (1952), 262 Wis. 547, 55 N. W. (2d) 918, recognize the availability of the common-law remedy of unjust enrichment and those cases rule this appeal.

In the *Kelley Case* we said, at pages 391, 392:

"The circuit court concluded that the facts alleged in the complaint include the essential elements of quasi contract as set forth in *Nelson v. Preston* (1952), 262 Wis. 547, 55 N. W. (2d) 918. These are listed (p. 550):

" '(1) A benefit conferred upon the defendant by the plaintiff';

" '(2) Appreciation by the defendant of the fact of such benefit;

" '(3) Acceptance and retention by the defendant of such benefit, under circumstances such that it would be inequitable to retain the benefit without payment of the value thereof.'

"In *Nelson v. Preston,* the plaintiff furnished services and materials for the construction of houses on lots owned by defendant. The services and materials were ordered by defendant's son, who was not an owner of the property and was not the agent of defendant, but had some interest in the houses under construction. The defendant benefited by the increase in value of her interest in the property. This court decided that plaintiff was entitled to recover from defendant because it was inequitable for her to retain the benefit without payment."

Both the *Kelley* and *Nelson Cases* have crucial factual variances that make them inapplicable to the facts of this action. In both cases the plaintiff stood in the position of a contractor and not a subcontractor, and in both instances the defendant had a joint or common-ownership interest in land improved and the enhanced value because of the materials or services furnished by the contractor. The other joint or common owner entered into an express agreement with the contractor and did not pay the contractor.

Applying the rules of the *Kelley* and *Nelson Cases* to the facts alleged in this complaint, it appears (1) a benefit was conferred upon the defendant owner by the plaintiff subcontractor, and (2) the defendant appreciates the fact of such benefit. The third prerequisite to a valid cause of action for unjust enrichment does not appear. Under the circumstances alleged it does not affirmatively appear that it would be inequitable for the defendant owner to retain the benefit without payment of the value thereof to the plaintiff subcontractor.

The plaintiff alleges that Odin, Inc., was the general contractor and that Superior Plumbing was a subcontractor. The only reasonable inference to be drawn, in the absence of other alleged circumstances, is that the defendant owner has paid the general contractor for the benefit furnished or is obligated to do so. If proof of the facts alleged in this complaint warranted a recovery the defendant owner could be placed in a position where he would be required to pay twice for the same benefit. Equity will not imply a promise to pay under these circumstances. After giving the complaint the liberal construction it is entitled to, we conclude it does not set forth facts sufficient to constitute a cause of action for unjust enrichment.

The plaintiff proposes that we overrule or modify the *Utschig* and *Limbach Cases, supra,* insofar as they imply that a subcontractor does not have a cause of action for

unjust enrichment. We do not find it necessary to do so. Unjust enrichment was not at issue under the facts or the contentions of the parties in either *Utschig* or *Limbach*. We do not hold that a subcontractor cannot state a cause of action under any circumstances; we do hold the plaintiff has not done so in its complaint now before us.

The demurrer to the complaint should be sustained.

*By the Court.*—Order reversed, with leave to plaintiff to serve an amended complaint within twenty days of the remittitur.