## LEWIS H. HAWKINS *vs.* C. H. LANGE.

### April 26, 1876.

**Verdict Sustained on the Evidence.**—The evidence in this case held sufficient to sustain the verdict.

**Contract—Rescission—Quantum Meruit.**—B., assuming to act as defendant's agent, and with defendant's knowledge, employed plaintiff to cut and haul timber on defendant's land, the terms of the contract being in writing, and to be signed by defendant. Plaintiff, ignorant that defendant had not signed the contract, and in good faith, and with defendant's knowledge, and without objection from him, went on and cut and hauled the timber until he learned that defendant refused to sign the contract, when he stopped work. *Held,* that plaintiff could recover of defendant the reasonable value of the work done.

Appeal by defendant from an order of the district court for Scott county, *Mitchell*, J., presiding, (acting for the judge of the eighth district,) refusing a new trial, and from the judgment entered on the verdict.

*Seagrave Smith*, for appellant.

*H. J. Peck*, for respondent.

BERRY, J. There was evidence in this case from which the jury would have been warranted in finding the following state of facts, viz.: That defendant was the owner of the wood standing upon certain land ; that plaintiff and an associate, to whose rights plaintiff has succeeded, made a bargain with one Bradbury (who assumed to act as defendant's agent in the premises) to cut and haul said wood ; that, in accordance with the terms of the bargain, a written form of contract was prepared, which it was agreed between Bradbury and plaintiff and his associate should be signed by defendant ; that defendant did not sign the same, but that plaintiff and his associate, in ignorance of the fact that he had not signed it, but in good faith, went on to cut, and did cut and haul, a large quantity of wood, although they did not do all that was contemplated in the proposed contract ; that defendant had knowledge of the proposed contract, and

knew that plaintiff and his associate were doing the work under the bargain with Bradbury, but made no objection, nor did he in any way disavow or repudiate Bradbury's assumed agency.

Under such circumstances, the defendant not having signed the written contract according to the terms of the arrangement with Bradbury, the plaintiff and his associate were not bound by it; and when they ascertained the fact that it had not been signed they were at liberty to stop work, and to recover the reasonable value of what they had done, as for services rendered to defendant upon an implied request. Upon this theory we think the verdict should be sustained.

Judgment and order denying new trial affirmed.