## VERDI v. HELPER STATE BANK.

No. 3533. Decided February 7, 1921. (196 Pac. 225.)

1. BANKS AND BANKING—CERTIFICATE OF DEPOSIT SUBJECT TO SAME RULES OF LAW AS OTHER WRITTEN INSTRUMENTS. A certificate of deposit, being an instrument in writing evidencing a transaction between the parties, must be considered in the light of the same rules of law and evidence as other written instruments.

2. BANKS AND BANKING—INTEREST HELD NOT RECOVERABLE ON CERTIFICATE OF DEPOSIT AFTER MATURITY. Where a certificate of deposit for six-month period expressly provided that interest should not be payable after maturity, interest could not be recovered after expiration of such six-month period.

3. BANKS AND BANKING—TIME FOR WHICH INTEREST WAS PAYABLE UNDER CERTIFICATE OF DEPOSIT HELD QUESTION FOR COURT. In an action against a bank to recover interest on certificate of deposit, the question of whether the certificate of deposit limited the time for which interest should be paid to specified period *held* a question for the court, and not the jury.

Appeal from Seventh District

4.  TRIAL—LEGAL EFFECT OF WRITTEN INSTRUMETNS IS TO BE DE-
    TERMINED BY THE COURT AND NOT A JURY. The legal effect of
    written instruments is a question of law to be determined
    by the court, even where the facts respecting the terms of
    the written instruments are in dispute, as where the instru-
    ments had been lost, in which case the jury may find what the
    terms of the instrument were, but the legal effect of the terms
    so found should be determined by the court.

5.  BANKS AND BANKING—SUBMISSION OF ISSUE WHETHER BANK
    HELD MONEY IN READINESS FOR WITHDRAWAL HELD ERROR.
    Where there was no claim that money was withheld after
    demand therefor was made, the submission of whether the
    bank held the money in readiness to pay plaintiff, and whether
    plaintiff could have withdrawn the money at any time after
    the expiration of the term specified in the certificate of deposit,
    *held* error.

6.  CONTRACTS—NOT IMPLIED WHERE EXPRESS CONTRACT EXISTS.
    A contract may not be implied where an express contract ex-
    ists.

7.  BANKS AND BANKING—INTEREST NOT RECOVERABLE ON DEPOSITS
    EXCEPT BY AGREEMENT OR AFTER DEMAND. Interest is not re-
    coverable upon bank deposits except by special agreement or
    after demand and refusal to pay.

8.  TRIAL—SUBMISSION OF ISSUE OF IMPLIED PROMISE IN ACTION ON
    EXPRESS PROMISE HELD ERROR. In action against bank to re-
    cover specified rate of interest after expiration of specified
    .period, submission of whether there was a subsequent agree-
    ment, "either express or implied," that the money should re-
    main for an additional period after the expiration of the
    specified period, *held* reversible error, the action being on the
    theory of an express agreement.

9.  APPEAL AND ERROR—SUPREME COURT CANNOT SUSTAIN VERDICT
    UNLESS EVIDENCE SUPPORTS ALLEGATIONS OF COMPLAINT. In a
    law case the verdict cannot be sustained on appeal if the
    evidence does not support the allegations of the complaint,
    even though the evidence might have supported findings in
    plaintiff's favor, if the allegations of the complaint had been
    different, and were subject to amendment after introduction of
    evidence, since the Supreme Court has not original jurisdic-
    tion in such cases, and cannot enter judgment merely because
    it thinks one or the other of the parties entitled to prevail.

GIDEON, J., dissenting.

Appeal from District Court, Seventh District, Carbon County; *Geo. Christensen*, Judge.

Action by Maria de Angele Verdi, administratrix of the estate of Tony Verdi, deceased, against the Helper State Bank. Judgment for plaintiff, and defendant appeals.

REVERSED and REMANDED, with directions.

*Price & Fouts,* of Price, for appellant.

*O. K. Clay,* of Price, for respondent.

FRICK, J.

The plaintiff, as administratrix of the estate of one Tony Verdi, deceased, commenced this action against the defendant to recover a certain amount of interest alleged to be due upon a certain certificate of deposit. The complaint sets forth two causes of action. In the first cause of action, after stating the necessary matters of inducement, plaintiff alleged:

"That on July 11, 1917, plaintiff loaned defendant the sum of ten thousand ($10,000.00) dollars, for the use of which defendant agreed to pay interest at the rate of four (4) per cent. per annum for a period of one year; that defendant issued its certificate of deposit in favor of plaintiff, which said certificate provided for interest at the rate of four (4) per cent. per annum for a period of only six months from July 11, 1917; that subsequent to the issuance of said certificate, to wit, on the same date, plaintiff discovered that said certificate was issued for a period of only six months; that she thereupon called the matter to the attention of defendant, and defendant then and there agreed that interest would be paid to plaintiff at the rate of four (4) per cent. per annum for a period of one year from July 11, 1917; that plaintiff, relying upon the said promise, agreement, and representation of defendant, permitted defendant to have and use the said ten thousand ($10,000.00) dollars for the said period of one year, to wit, up to and including the 11th day of July, 1918."

The plaintiff further alleged that on July 11, 1918, she made demand for said $10,000, together with interest at the

rate of 4 per cent. per annum from July 11, 1917, to July 11, 1918, and that the defendant refused to pay interest for the full period stated, but only paid interest at the rate, aforesaid ending January 11, 1918, amounting. to $200; that the interest for said six months commencing January 11, 1918, and ending July 11, 1918, is due and unpaid, wherefore she demanded judgment for said $200 and costs.

The second cause of action sets forth the same transaction in somewhat different phraseology. The second cause of action was, however, disregarded, and the verdict of the jury is based entirely upon the first cause of action.

The defendant answered the complaint, and, after admitting the matters of inducement, it also admitted that the plaintiff had made a deposit of $10,000 in defendant's bank, but averred that said deposit was to draw 4 per cent. interest for a period of six months only; that defendant had agreed to pay interest for no longer period. The defendant also denied the alleged representations set forth in the complaint, averred that it had paid to plaintiff the $10,000 at the date it was demanded as alleged in the complaint, and denied that it was indebted to the plaintiff in any sum or amount whatever.

The case was tried to a jury, which returned a verdict in favor of plaintiff "for four per cent. interest on ten thousand dollars from January 11, 1918, to July 11, 1918." The amount of interest, to wit, $200, was not stated in the verdict. Judgment was duly entered on the verdict for said $200, from which defendant appeals.

Among the errors assigned are that the evidence is insufficient to justify the verdict and that the court misled the jury as to the law.

On reading the evidence, the writer was of the opinion that it was insufficient to justify the verdict. In view, however, that a majority of the members of the court are of the opinion that the evidence is of such a character that we should not say as a matter of law what the findings upon the evidence should be, I cheerfully yield to the judgment of my Associates in that regard. We are, however, agreed that the

district court erred in charging the jury as will hereinafter appear, and for that reason the judgment must be reversed and the cause remanded for further proceedings. In view, therefore, that the cause must be remanded, we shall refrain from setting forth or expressing any opinion upon the effect of the evidence, but shall confine ourselves to a consideration of the legal questions involved.

The action was commenced to recover interest upon a certain certificate of deposit after the certificate had matured by its own terms. The certificate reads as follows:

"Helper, Utah, July 11, 1917.    No. 463.

"This certifies that Maria de Angele Verdi, Admr., has deposited with the Helper State Bank ten thousand dollars ($10,000.00), payable to the order of herself, countersigned by the Ætna Casualty Co. on the return of this certificate, properly endorsed, six months after date, with interest to maturity at the rate of four per cent. per annum.

"J. A. Pland, Assistant Cashier."

There was an indorsement on the back of the certificate which the testimony shows was placed thereon and signed on the date the same was issued and before it was delivered, which indorsement reads as follows:

"Four per cent. interest will be paid if left for six months. No interest will be paid after maturity, and all interest is forfeited if principal is drawn before maturity.    J. A. Pland, Assistant Cashier."

There is much controversy between respective counsel in their briefs respecting the legal effect of certificates of deposit. Many cases are cited, especially by counsel for plaintiff. Practically all of these cases, however, have no bearing on this case for the reasons (1) that the facts and circumstances of this case are entirely different from those in the cited case; and (2) because the questions whether an ordinary certificate of deposit matures without a demand for payment, and when the statute of limitations begins to run, which are the principal subjects discussed in most of the cases cited, are not material, (a) because the certificate in question here matured by its own terms, and (b) for the reason that in this state, by virtue of Comp. Laws Utah 1917, § 6478, there is no

limitation in favor of bank deposits.   That section reads:

"To actions brought to recover money or other property de-
posited with any bank, banker, trust company, or savings or loan
corporation, association, or society, there is no limitation."

It will be observed that the certificate in question here was
negotiable in form, and thus, under the law, constituted a
negotiable instrument.   See 2 Daniels, Negotiable Instru-
ments (6th Ed.) § 1703, where a large number of cases are
cited in support of the text.   At all events, the certificate
of deposit in this case must be treated as an instru-
ment in writing which evidenced a transaction be-
tween the parties, and hence must be considered in
the light of the same rules of law and evidence as other writ-
ten instruments.   In 3 R. C. L. p. 574, § 202, it is said:

"As regards matters of evidence, a certificate of deposit is usu-
ally subject to the rules applicable to other written contracts."

While there is some diversity of opinion with respect to
what extent parol evidence may be admitted in actions to
recover on certificates of deposit, yet such difference does not
relate to the principles governing the parol evidence rule, but
arises entirely out of the different forms of certificates and
the nature of the transactions.   See *Coleman* v. *First National
Bank of Elmira*, 53 N. Y. 388.   See, also, the note to the case
of *Steckel* v. *First National Bank of Allentown*, 39 Am. Rep.
760, where the subject is thoroughly discussed.   Moreover,
so-called certificates of deposit are sometimes no more than
acknowledgments of the receipt of money, such as ordinary
deposit slips, etc., and when such is the case they are treated
merely as receipts.   See *First National Bank, etc.*, v. *Clark*,
134 N. Y. 368, 32 N. E. 38, 17 L. R. A. 580.   We are, however,
not dealing now with such an instrument, but are dealing
with a certificate of deposit which, as already pointed out,
constitutes a negotiable instrument and not a mere receipt.
The certificate in question is for a certain sum, namely,
$10,000, which is payable at a fixed time, "six months after
date," and is made payable to the order of the depositor.
The conditions which entitled the depositor to interest, and
the rate thereof, are also clearly stated.   The rate is four

per cent. per annum if the money is "left for six months." Further, the certificate provides, "no interest will be paid after maturity, and all interest is forfeited if principal is drawn before maturity." It would seem that in the absence of a legal modification of the foregoing stipulations, which constitute the contract between the parties, there is little room for real controversy respecting the rights of the respective parties. It has repeatedly been held that such a certificate matures at the time stated; in this case, at the end of six months. *First National Bank* v. *Security National Bank*, 34 Neb. 71, 51 N. W. 305, 15 L. R. A. 386, 33 Am. St. Rep. 618, and cases there cited; *Hunt* v. *Divine*, 37 Ill. 137.

In *Towle* v. *Starz*, 67 Minn. 70, 69 N. W. 1098, 36 L. R. A. 463, the certificate was substantially in the same terms as the one in question, and Mr. Justice Buck, in a dissenting opinion, which, however, relates to a point not controverted by the majority of the court, uses the following language, which the writer adopts as expressing his own views, namely:

"The words 'to be left six months,' found in the instrument, is a limitation upon the right of the holder to demand payment until the expiration of that time. His power to make a lawful demand was suspended during this time. When the money was deposited it became the property of the bank, and it became the debtor of the depositor to the amount stated in the certificate. If left longer than six months, it would not draw interest after that time, unless a demand was made for its payment and refusal to pay, because it is expressly stipulated that it shall not draw interest after maturity."

Notwithstanding the authorities just referred to, counsel for plaintiff insists that his client is entitled to interest by virtue of the terms of the certificate, and in support of that contention especially refers to *Payne* v. *Clark*, 23 Mo. 259; *Cordell* v. *First National Bank*, 64 Mo. 600; *Bank of Commerce* v. *Harrison*, 11 N. M. 60, 66 Pac. 460; *Hillsinger* v. *Georgia Railroad Bank*, 108 Ga. 357, 33 S. E. 985, 75 Am. St. Rep. 42; and one or two other cases based upon certificates of deposit like those involved in the cases just cited. The theory upon which the decisions in the foregoing cases are based is made quite clear in *Payne* v. *Clark*, *supra*. The cer-

tificate of deposit involved in that case reads as follows:

"L. P. Payne has deposited in this office one thousand and fourteen dollars (in funds as below,) payable to the order of himself, on return of this certificate sixty days after date, with interest at the rate of six per cent. per annum.

Then follows a statement showing the character of the funds deposited.

In that case the court held that the certificate did not mature—that is, was not payable—until the expiration of 60 days, and then only upon demand by the payee or by his order. In other words, the court held that a demand for payment could not legally have been made until the 60 days had expired, and that the certificate did not mature until a demand for payment was actually made after the 60-day period. It was therefore held that the bank was required to pay interest at the rate specified in the certificate until a demand for payment was actually made. The case we are dealing with here is, however, quite different. The certificate in the case at bar provides "no interest will be paid after maturity," and, further, that interest will be paid "to maturity only." The contract, therefore, is that interest will not be paid after maturity, and it expressly is further stated that it will be paid only to maturity. Such being the contract of the parties, this court is powerless to modify its terms, or to require either party to do something contrary to such terms, unless there was a modification of the terms, or unless a new contract was entered into between the bank and the plaintiff respecting payment of interest. Whether there was a modification of the terms of the certificate respecting the payment of interest, or whether a new agreement was entered into whereby the bank agreed to pay interest, is a question of fact upon which we express no opinion. Moreover, the evidence in that regard must be limited to the allegations of the complaint.

It only remains to refer to some of the instructions of the court which were excepted to, and the giving of which is assigned as error.

The court, after stating the pleadings, charged the jury as follows:

"That, gentlemen of the jury, then leaves the issues for you to determine (a) whether or not the certificate of deposit issued by defendant to plaintiff limited the time for which interest should be paid to six months; (b) whether or not the defendant held the said ten thousand dollars in readiness to pay the plaintiff, and that the plaintiff could have withdrawn the said sum of money from the said bank at any time after the expiration of six months from the date of its deposit; (c) whether or not there was a subsequent agreement, either express or implied, that said sum of money should remain for an additional six months after the expiration of the six months set forth in the certificate of deposit."

It is manifest that the court erred in submitting proposition "a" to the jury. In doing that the court required the jury to do what clearly the law requires of the court. The legal effect of written instruments is necessarily a question of law, and hence is one that must be determined by **3** the court. To that rule there is no exception, not even in cases where the facts respecting the terms of the written instruments are in dispute, which arise sometimes where the written instruments have been lost. In the latter class of cases the jury may find what the terms of the **4** instruments were, but the court must, nevertheless, determine the legal effect of the instruments when the terms are found and determined.

It is, however, insisted that in view that the court instructed the jury that the certificate of deposit constituted the contract between the parties which could not be varied by parol evidence, and for the reason that the provisions of the certificate are plain, therefore the court committed no error in that regard. That statement manifestly overlooks the contention of plaintiff's counsel. His contention in the court below was, and now is, that by the terms of the certificate it did not become due and payable until a demand for its payment was made, and hence it continued to draw the interest specified therein until such demand was made. In other words, that the certificate, by its terms, did not mature until demand for payment was made and hence continued

to draw interest. If, therefore, that was the construction placed upon the certificate by plaintiff's counsel, why could not a jury give it the same construction? Indeed, that is just what, under the instructions of the court, the jury were permitted to do, and, in view that they found the interest as contended for by plaintiff's counsel, it is quite probable that that is what was done. In view of counsel's contention, therefore, it was manifest error to submit the question to the jury whether the certificate limited the time for which interest could be collected to six months. Had the jury followed the language of the certificate they would have found only six months' interest. How, then, can any one say that the jury may not have misconstrued the certificate? There is not only nothing upon which such an inference can be based, but, in view of the contention of plaintiff's counsel, the inference is precisely to the contrary.

As to proposition "b" we find no such issue tendered by the pleadings. There was no claim that the money was withheld after demand therefor was made. It is not necessary to refer further to proposition "b."

Proposition "c" was a question of fact to be determined by the jury. The difficulty with the court's statement, however, is that it is too broad. The complaint was predicated upon an express contract to pay interest and not upon an implied one. It is axiomatic that where an express contract exists one may not be implied. 2 Elliott, Contracts, § 1360; 9 Cyc. 242. Ordinarily, therefore, where the plaintiff seeks to recover upon an express contract he cannot rely upon an implied one. The rule has special application to cases where the recovery of interest is sought upon bank deposits. The law in that regard is that, ordinarily at least, interest is not recoverable upon deposits except by special agreement or after demand and refusal to pay. 1 Morse, Banks, etc. (4th Ed.) § 309. Moreover, in this case the rate of interest sought to be recovered was not the legal rate, but a rate which it is alleged was the subject of special contract. It is, however, urged that although the court may have erred in submitting the

foregoing proposition, yet it did not constitute prejudicial error to do so. I cannot conceive how, in a law case, this court can sustain such a contention. I have set forth the controlling allegations of the complaint. In addition to the fact that the complaint proceeded upon the theory of an express agreement or contract, the court permitted the jury to proceed as upon an implied one. While, in my judgment, there is no substantial evidence which sustains the allegations of the complaint, yet there is some evidence from which the jury might have found an implied promise to pay interest. In view of that, it was manifest error in this case to submit that question to the jury. It is, however, urged that there is ample evidence to sustain the finding of the jury. While I do not so read the record, yet, if that were conceded, it would in no way cure the error to which I have referred. This is a law case, and hence unless the evidence supports the allegations of the complaint the verdict cannot be sustained, although there might be evidence supporting the findings in plaintiff's favor if the allegations of the complaint had been different and were subject to amendment after introduction of evidence. This court has not original jurisdiction in such cases, and cannot enter judgment merely because it thinks one or the other of the parties is entitled to prevail.

In view of what has been said, it is not necessary to discuss any of the other errors assigned. All of these alleged errors are necessarily covered by what has already been said, and hence, although the cause is remanded, the court will easily avoid those alleged errors.

From what has been said it follows that the judgment should be, and it accordingly is, reversed, and the cause is remanded to the district court of Carbon county, with directions to grant a new trial, and to proceed with the case in accordance with the views herein expressed.

Appellant to recover costs.

CORFMAN, C. J., and WEBER and THURMAN, JJ., concur.

Appeal from Seventh District

GIDEON, J. (dissenting).

In my opinion two facts, which should be decisive of the case, are conclusively shown by the testimony in this record. First, that the plaintiff, Mrs. Verdi, understood, from statements made by the bank officials· subsequent to the receipt of the certificate of deposit, that if she left the money in the bank for an additional six months after January 11, 1918, the bank would pay her an additional six months' interest, or one year's interest in all; second, that the bank officials knew that she so understood the agreement. They further knew that she left the money with the bank after January 11, 1918, by reason of such understanding.

Carrying out that understanding, the plaintiff, on January 11, 1918, when the first six months' interest was due, did not ask payment of the same, nor did the bank tender payment, either of the principal or interest, at that date, or at any subsequent date, until after the expiration of one year. The testimony tending to establish this subsequent agreement or arrangement in no way varied or contradicted the terms of the written agreement. It is evident that the district court so understood the testimony from the following colloquy between the court and counsel for the defendant which occurred during the trial:

"The Court:  I don't know what the agreement is.  It appears to be a certificate of deposit for six months.  Counsel:  Yes.  The Court:  Now, does counsel contend that they cannot agree that it might remain there after that?  Counsel:  Not unless it is embodied in the agreement.  The Court:  The motion to strike will be denied."

Also, the court, in its fifth instruction, said:

"Gentlemen of the jury, you are instructed that the certificate of deposit, together with the stamped indorsement signed by the assistant cashier, is the contract upon which this money was deposited in said bank, and its terms and conditions cannot be modified or contradicted by parol testimony."

True it is that the court, in the instruction quoted by Mr. Justice FRICK in the majority opinion, submitted to the jury the question of whether the certificate of deposit issued by

the bank to the plaintiff limited the time for which interest
should be paid to six months. There is nothing about that
certificate. It is couched in plain and unambiguous language.
It was an agreement to pay the principal and six months'
interest—nothing less, nothing more. That the court should
have construed this contract and determined the rights of
the parties thereunder will be readily conceded. The ver-
dict, however, is amply supported by other testimony upon
another issue rightly submitted to the jury.

I regard the second proposition submitted to the jury as
wholly immaterial. Either an affirmative or a negative an-
swer to that question could in no way affect the rights of the
parties. If the defendant bank was obligated to pay to the
plaintiff the amount deposited by her, the fact that it had
or did not have the coin on hand to make the payment was of
no significance respecting its liability.

The third issue submitted to the jury, in my judgment, is
the controlling one in the case, and the only issue upon which
there was any competent evidence. The jury had been in-
structed that the certificate of deposit constituted the con-
tract by which the money was deposited in the bank, and that
the contract could not be varied or modified by oral testi-
mony. The decisive question in the case, as I view it, was
whether or not this money was left with the bank after the
six months mentioned in the certificate, with the understand-
ing that if it were so left the defendant bank would continue
to pay interest for an additional six months. That question
was fairly submitted to the jury in the third proposition of
the instruction quoted in the majority opinion. The jury,
by its verdict, seems to have emphasized the fact that the
determination of that question was decisive of the case. The
verdict is not for a definite sum but is:

"We * * * do find the issues in favor of the plaintiff and
against the defendant for four per cent. interest on $10,000.00 from
January 11, 1918, to July 11, 1918."

This court, by Comp. Laws Utah 1917, § 6968, is precluded
from regarding any exception unless the decision excepted to
is material and prejudicial to the substantial rights of the

party excepting. By section 6622 the court is required to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect. In *Staton* v. *Western Macaroni Co.*, 52 Utah, 426, 174 Pac. 821, it was held that an instruction which might mislead the jury would not be treated as prejudicial and authorize a reversal, where the controlling facts in the case were such that the party complaining was at the time of the accident chargeable with negligence by being on a public right of way where he was not entitled to be. See, also, *Moore* v. *Utah Idaho Cent. Rd. Co.*, 52 Utah, 373, 174 Pac. 873.

Moreover, the testimony in this case strongly tends to support the contention that all parties understood that the bank was liable to pay interest for an additional six months after January 11, 1918. A daughter of the plaintiff testified that she called upon the bank some time in the early part of April or latter part of March of 1918, and stated to the bank officials that her mother wanted some money. She was advised by Mr. Barboglio, the president of the bank, that she could not have it until it was due, for the reason that the bank was paying interest on the money, with the statement that the money would be due in July, 1918. Furthermore, a Mr. Clay testified that, as the attorney for the plaintiff, he called upon the defendant bank on or about the 8th day of March, 1918; that he then had never seen the certificate of deposit; that he inquired of the president when the same would be due, and was advised that it would be due in July. The same witness testified that in April of that year he interviewed the president of the bank in the presence of the plaintiff in an effort to obtain certain money for the plaintiff's use. He was at that time advised that the bank would pay six months' interest to January preceding, but that the certificate was for one year, and would not be due until some time in July. True it is that this testimony is disputed by the president of the bank. This official, in his testimony, however, answered most of the questions on cross-examina-

tion by saying, ''I don't remember,'' etc. Such testimony, read in the face of the admitted facts in this case is its own best refutation. A jury that could have been influenced by such testimony would indeed have welcomed deception. It is evident from the verdict that the jury believed the plaintiff's witnesses. Every circumstance in the case, in my judgment, corroborates the plaintiff's contention that it was understood and agreed that if the money were left in the bank for a period of one year (and it was so left) she should receive one year's interest. Plaintiff held this money as a legally appointed guardian. As such she is accountable under her bond not only for the principal, but for a reasonable income for the use of the money. Notwithstanding this, it is insisted here by the bank that this plaintiff left this large amount of money for a period of six months with the bank without any promise or hope of any consideration for its use, and. this, too, at a time when it was a matter of common history that money was in demand not only in the commercial world, but by the general government for use in the prosecution of a great war.

A reversal of this judgment, in my opinion, is not warranted by any errors, or alleged errors, occurring in the lower court. The judgment of the district court reflects justice between the parties, and should be affirmed. I therefore dissent.