## JOSEPH KARON AND OTHERS v. CLARENCE W. KELLOGG.[1]

July 12, 1935.

No. 30,214.

*Lathers & Hoag*, for appellant.

*Chauncey C. Colton*, for respondents.

[1]Reported in 261 N. W. 861.

STONE, JUSTICE.

Action to foreclose a lien for labor and material furnished by plaintiffs for, and used in, the repair of the dwelling on a farm owned by defendant. The lien was disallowed (statement not filed in time), but defendant found liable to plaintiffs for a proved value of $160. Defendant appeals from the judgment.

The farm in question, owned by defendant, was, during the determinative period, occupied by his brother W. E. Kellogg, since deceased. For many years and up to about a year and a half before the repairs in question were made, W. E. Kellogg had been the owner. At that time defendant redeemed from a mortgage foreclosure in order to permit his brother to remain on the place. The latter made the contract with plaintiffs, who claim that therein he was the agent of defendant.

1. The finding that there was an agency by estoppel or holding out cannot be sustained because there is nothing in the record to suggest that plaintiffs, at the time of the contract, knew anything of the circumstances alleged to indicate agency; that is, there was no holding out to plaintiffs. In the absence of knowledge on plaintiffs' part, there could be no estoppel in their favor. They could not have relied on facts unknown to them. Eberlein v. Stockyards M. & T. Co. 164 Minn. 323, 204 N. W. 961; Bloomingdale v. Cushman, 134 Minn. 445, 159 N. W. 1078.

2. We are not clear that the findings may be construed as establishing an agency in fact as distinguished from one by estoppel. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74. At best, it is a close question whether a finding of agency in fact can be sustained upon the evidence, which we shall not relate on that point. The value of the labor and material furnished by plaintiffs was, as fixed by findings and judgment, $160. There is a finding of the obvious fact that defendant "received and retained the benefit of the repairs and improvements." The ground for our decision would be more satisfactory if there were also a finding of the extent to which defendant has received benefit from the plaintiffs' labor and material. Wakely v. County of St. Louis, 184 Minn. 613, 240 N. W. 103, 84

A. L. R. 920. But the job being one of repair and the value of labor and material being fixed, it may be inferred, in this case, without further evidence that the benefit that defendant received was not less than such value. Having been so benefited, defendant is liable, *quasi ex contractu,* independently of contract or agency. Otherwise he would be unjustly enriched at the expense of plaintiffs. / Woodward, Quasi Contracts, § 72; 30 Harv. L. R. 402; Underhill v. Rutland R. Co. 90 Vt. 462, 98 A. 1017. Hawkins v. Lange, 22 Minn. 557, 558, is similar in principle to, and only slightly divergent in facts from, this case. There the defendant knew that plaintiff was doing work for him under a bargain made with an agent, which was never completed by defendant's signing the contract. When plaintiff and his associate found that the contract was not signed and would not be, "they were at liberty to stop work, and to recover the reasonable value of what they had done, as for services rendered to defendant upon an implied request." But consent is not a condition precedent to a *quasi* contractual obligation, which may and should be imposed wherever necessary to prevent unjust enrichment as a result of honest mistake, as distinguished from mere voluntary interference by a defendant. Hence cases holding that owners of real property are not liable for the value of buildings permanently affixed to their real estate without their consent are not in point. This case proceeds upon a claim for necessary or at least reasonable repairs.

The judgment is affirmed.