COMMERCIAL FIXTURES AND FUR-
NISHINGS, INC., a Utah Corporation,
Plaintiff and Appellant,

v.

Eldon ADAMS, an Individual, and New
Life Health Spa, by and through Eldon
Adams, Defendants and Respondents.

No. 14700.

Supreme Court of Utah.

May 13, 1977.

Jack Fairclough, Salt Lake City, for
plaintiff and appellant.

V. Pershing Nelson, Provo, for defend-
ants and respondents.

HALL, Justice:

This is an appeal from a summary judg-
ment of no cause of action rendered by the
district court.

Defendant, Eldon Adams, is the owner of
real property located at 1140 South State
Street, Orem, Utah. He entered into a
written lease with Great Outdoors, Inc. un-
der the terms of which the lessee agreed to
complete such improvements in and upon
said property as its business needs might
require and to pay and discharge all costs
and expenses incident thereto to the end
that no liens would be placed on the leased
property. Great Outdoors, Inc. thereafter
contracted with plaintiff for the purchase
of materials which were ultimately fur-
nished and incorporated into the building on
the leased premises. The appellant was not
privy to that agreement. Great Outdoors
subsequently defaulted in the performance
of the covenants of said lease and by court
judgment the lease was terminated and the
property restored to defendant. Plaintiff
filed no lien against the lessee's interest in
the property and the time limited for filing
has expired.

Plaintiff has never instituted suit against
the lessee and brought this action directly
against the defendant on a theory of unjust
enrichment.

The foregoing recitation of facts are
those stipulated to by the parties at the
time they presented their respective mo-
tions for summary judgment to the trial
court.

■ This appeal may be disposed of by the application of some very elementary principles of law. As a general rule, a tenant's creditors have no greater right to charge the land with the value of improvements or repairs than the tenant would have[1] and here the tenant had no such right having contracted it away.

The right of plaintiff to recover for the goods incorporated into defendant's real property must be based upon an agreement, either express or implied, and the stipulated facts are clear that none existed. Plaintiff placed no reliance at all on the credit of defendant and the lease agreement specifically imposed upon the lessee the sole obligation of payment. A case in point is *Howard v. Societa Di Unione E Beneficenza Italiana, et al.,* 62 Cal.App.2d 842, 145 P.2d 694.

■ The mere fact that a third person benefits from a contract between two others does not make such third person liable in quasi-contract, unjust enrichment, or restitution. See 66 Am.Jur.2d 960. There must be some misleading act, request for services, or the like, to support such an action. Mere failure of performance by one of the contracting parties does not give rise to a right of restitution.

It is also noted that there was an express contract between plaintiff and the lessee for the furnishing of materials, and when an express agreement exists one may not be implied.[2]

■ The action brought by plaintiff is one in equity and brought without any attempt to exhaust any legal remedies available. Also, the stipulated facts are that plaintiff has brought no suit against the lessee nor did he initiate any action to enforce a mechanic's lien, if any he had. As a consequence, such lien right was lost by passage of time. Nor has plaintiff shown any legal and sufficient excuse for his inaction against the lessee.

The authorities cited by plaintiff are distinguishable on the facts presented here and do not compel support of its position.

Judgment affirmed. Costs to defendant.

ELLETT, C. J., and WILKINS, J., concur.

MAUGHAN, Justice (dissenting):

Defendant is the owner of property located in Orem, Utah. In March 1974, the defendant leased the property to Great Outdoors, Inc. (hereinafter, lessee). Under the terms of the lease, Great Outdoors agreed to make improvements in the property and to operate a health spa business thereon.

Lessee contracted with the plaintiff to install certain fixtures. Plaintiff performed the contract at a cost of $3,149.87. Lessee did not pay the plaintiff, and subsequently defaulted on the lease. Defendant lessor brought a successful action to regain possession of the property. After taking possession, the defendant continued to operate a health spa business on the premises under the name New Life Health Spa. Plaintiff brought this action to recover costs for materials and labor furnished. On simultaneous motions for summary judgment, the lower court held for the defendant finding the plaintiff failed to state a claim upon which relief could be granted. This Court should reverse.

The theory of plaintiff's case is that the defendant has been unjustly enriched at plaintiff's expense and should, therefore, make restitution to the plaintiff. The lower court found the plaintiff was precluded from maintaining this action, because there was no privity of contract between the plaintiff and defendant. This finding mistakes the nature of a claim based on unjust enrichment. Unjust enrichment is premised on a theory of quasi-contract, or a contract implied in law.

A contract implied in law is not a contract at all, but an obligation imposed by

---

1. 49 Am.Jur.2d 702, Section 765, citing authorities.

2. 66 Am.Jur.2d 948, Section 6, citing *Verdi v. Helper State Bank,* 57 Utah 502, 196 P. 225, 15 A.L.R. 641.

law for the purpose of bringing about justice and equity without reference to the intent or the agreement of the parties and, in some cases, *in spite of an agreement between the parties.* [Emphasis supplied.]

It is a non-contractual obligation that is to be treated procedurally as if it were a contract . . . . [Emphasis in original.][1]

The plaintiff's cause of action does not fail for lack of privity.

Defendant referred to several cases he claims support the lower court's judgment. These cases are distinguishable and do not support defendant's assertions. For example, defendant claims, as a general rule, a tenant's creditors have no greater right to charge the value of the landlord's land with [the costs of improvement] than the tenant could have. In support of this position defendant relies on, among others, *American Bonding Co. v. Pueblo Investment Co.,* 10 Cir., 150 F. 17 (1906) and *Grizzle v. Runbeck,* 74 Ariz. 92, 244 P.2d 1160 (1952). *American Bonding* involved a suit by a tenant's creditor against the tenant's surety. The case turned on whether the tenant had agreed, by the terms of the lease, to pay for improvements and whether the surety had, by incorporating the lease into the bonding agreement, agreed to pay for the improvements upon tenant's default. In the context of interpreting the terms of the lease, the court stated a lessee may not make repairs at the expense of the lessor unless there is an express agreement between them to do so. 150 F. at 28. There is no question in this case that the tenant agreed to pay for the material and labor furnished, both parties agree that he did. The question here is whether, as between plaintiff and defendant, defendant has been unjustly enriched; not whether the tenant defaulted on his obligation. The *Grizzle* case is also distinguishable. In that case, tenants brought suit against the landlord for the

costs of repairs. The case turned on whether the landlord was under a duty to repair and the court held that without an agreement to the contrary the landlord was under no such duty. The question of the landlord's duty to the tenant is not involved here.

Defendant also relies on *Howard v. Societa Di Unione E Beneficenza Italiana,* 62 Cal.App.2d 842, 145 P.2d 694 (1944). In that case the lessor (Society) entered into an agreement with lessee for the rental of a baseball field. The lessee agreed to be responsible for the costs of repairs and improvements and then failed to pay for plaintiff's services. Plaintiff brought suit against the lessor claiming that lessor and lessee were joint venturers and therefore, the lessor was liable on lessee's debt based on a partnership theory. The court found no evidence of partnership or joint venture. The language quoted by defendant from that case is not only dicta, it was made in the context of determining the question of the existence of a partnership, and related to a finding of an implied in fact contract, not unjust enrichment.

Addressing himself directly to plaintiff's unjust enrichment claim, defendant argues that plaintiff's claim is barred because the enrichment of defendant was not unjust. Defendant cites a number of cases in support of this proposition, including *Buell v. Orion State Bank,* 327 Mich. 43, 41 N.W.2d 472 (1950); *Utschig v. McClone,* 16 Wis.2d 506, 114 N.W.2d 854 (1962). The *Buell* case involved a transfer of stock that at the time of the transfer was of questionable value. The stock later became worth a great deal of money. Plaintiff brought suit claiming that when her husband transferred the stock he was not competent and that defendant had been unjustly enriched by the transfer. The court held the decedent was competent to make the transfer and although the defendant was enriched, he had taken considerable risk in accepting the

---

1. *Continental Forest Products, Inc. v. Chandler,* 95 Idaho 739, 518 P.2d 1201, 1205 (1974). As stated in *Paschall's, Inc. v. Dozier,* 219 Tenn. 45, 407 S.W.2d 150, 154 (1966): "It is well established that want of privity between parties is no obstacle to recovery under quasi-contract." See also: *Fowler v. Taylor,* Utah, 554 P.2d 205 (1976); *Rapp v. Salt Lake City,* Utah, 527 P.2d 651 (1974); *Trollope v. Koerner,* 106 Ariz. 210, 470 P.2d 91 (1970).

stock and his enrichment was not unjust. The services of plaintiff, here, were not of questionable value and defendant took no risk in accepting them. The *Utschig* case involved a suit by a subcontractor against a homeowner for the value of labor and materials furnished. The court held that a subcontractor could not maintain an action against the homeowner unless there was an express agreement between the two that the homeowner would be responsible for the debts of the principal contractor. The court stated that the homeowner was not liable on an implied contract simply because he had received services or goods. The court was not clear whether it was talking about an implied in fact contract or one implied in law. However, the case would not seem applicable here. The rules preventing a subcontractor from seeking payment directly from homeowners are based on the assumption that the homeowner has already paid the principal contractor and cannot be held liable twice on the same debt. That is not the case here. The other cases cited by defendant are similarly unpersuasive.

The question, then, remains has the defendant been enriched and is enrichment unjust. As was stated in *Baugh v. Darley*, 112 Utah 1, 184 P.2d 335, 337 (1947):

> Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another. . . . The benefit may be an interest in money, land, chattels, or choses in action; beneficial services conferred; satisfaction of a debt or duty owed by him; or anything which adds to his security or advantage.

On the facts of the *Baugh* case, the court held against the plaintiff. The case is, however, clearly distinguishable from the facts at hand and the general definition given of unjust enrichment is applicable to the case at bar. See also, *Fleming v. Wineberg*, 253 Or. 472, 455 P.2d 600 (1969). It would seem clear the defendant has been enriched. Improvements were made to his property that made it possible for him to run a health spa business on the premises. In the lease the defendant required that these improvements be made. Presumably, the defendant would not have required these improvements if he did not expect to benefit from them.

Defendant did in fact regain possession of the property and is running a business with the aid of improvements that, without the lease, he would have had to pay for himself. In other words, defendant has obtained the benefit of plaintiff's services without having to pay for them. The case of *Paschall's, Inc. v. Dozier*, supra, is directly in point. In that case the daughter of the defendant contracted with the plaintiff to remodel a bathroom in defendant's house. The daughter was living with the defendant at the time. Plaintiff performed the services, but the daughter was unable to pay. Plaintiff sued the defendant homeowner on a theory of unjust enrichment. The court held that the plaintiff was entitled to restitution. The court stated:

> The defendant asserts that an implied undertaking cannot arise against one benefited by the work performed, where the work is done under a special contract with another. While this may be the general rule, we do not think that it is applicable in every case. Indisputably, where one is afforded recovery from the person with whom he has a contract, he cannot also recover from third persons incidentally benefited by his performance. . . . However, the situation is dissimilar where a person furnishes material and labor under a contract for the benefit of a third party and that contract becomes unenforceable or invalid. In that situation there is certainly no reason to preclude the furnisher . . . from seeking recovery against the third person on the theory of [unjust enrichment]. 407 S.W.2d at 154–155.[2]

While it is true, as defendant notes, that in these cases the defaulting party and the

---

2. See also, *De Gasperi v. Valicenti*, 198 Pa.Super. 455, 181 A.2d 862 (1962); *Karon v. Kellogg*, 195 Minn. 134, 261 N.W. 861 (1935); *Beacon Homes, Inc. v. Holt*, 266 N.C. 467, 146 S.E.2d 434 (1966).

defendant had some special relationship (father/daughter, mother/son, etc.) the basic reasoning of the cases applies to the facts at hand. In the case at bar, plaintiff entered into a contract with a defaulting party. That contract was at least in part for the benefit of a third party—the defendant. The contract has become unenforceable, the defendant is enjoying the benefits of the contract without paying for them. The question to be answered in an unjust enrichment is, do justice and equity require that the defendant be forced to make restitution. Under the facts of this case, they do so require.

The plaintiff is not precluded by the Uniform Commercial Code from pursuing the remedy of restitution. Section 70A–1–103, U.C.A., provides that the principles of law and equity supplement the Code and are not usurped by it.

From the foregoing it can be seen that summary judgment was not proper. This being an action in equity, a wider exploration of the facts is called for. I would reverse and remand for an evidentiary determination of the central question, "Why should plaintiff not recover."

CROCKETT, J., concurs in Justice MAUGHAN'S dissent.