GENERAL LEASING COMPANY, a corporation, Plaintiff, Respondent and Cross-Appellant,

v.

MANIVEST CORPORATION, a corporation, Defendant, Appellant and Cross-Respondent.

No. 18348.

Supreme Court of Utah.

June 24, 1983.

---

Steven H. Gunn and Thomas L. Kay, Salt Lake City, for defendant, appellant and cross-respondent.

J. Bruce Reading, Salt Lake City, for plaintiff, respondent and cross-appellant.

OAKS, Justice:

This is an action by the lessor of equipment against the owner of premises where it was installed, for conversion damages for failure to return the equipment on demand. The issues on this appeal from a judgment for the plaintiff concern fixtures and unjust enrichment.

Manivest, the property owner, leased its premises to a car dealer for fifteen years. About six years later, in order to upgrade the building's temperature control, the dealer leased air-conditioning and heating equipment from General Leasing Company, which purchased the equipment and installed it on the premises at a total cost of $63,446. A little over two years later, the car dealer abandoned the premises and defaulted on both leases. General Leasing demanded the return of the equipment, but Manivest refused, contending that by reason of its installation the equipment had become a fixture, in which the owner of the premises had acquired a superior interest. *E.g.,* 35 Am.Jur.2d *Fixtures* § 70 (1967).

General Leasing brought this action against Manivest for conversion. The court found, on sufficient evidence, that $18,000 was the depreciated value of the multiple burners that were hung from the ceiling on J hooks and the evaporative coolers that were resting on four-by-four timbers on the roof. The findings also state that both of these units were standard commercial equipment not designed specially for any particular building and easily removable from Manivest's building. Concluding that this equipment "was personal property and not a fixture or a part of real property," the court gave judgment for plaintiff General Leasing in the amount of $18,000, and defendant Manivest has appealed.

In determining whether equipment has become a fixture, this Court has applied a three-part test: annexation, adaptation, and intent. Having recently explained and reaffirmed this test in *Paul Mueller Co. v. Cache Valley Dairy Association,* Utah, 657 P.2d 1279, 1283 (1982), we have no need to repeat it. We have carefully considered Manivest's contention that the test was misapplied on the facts of this case. We find that contention without merit. The items of equipment involved in the $18,000 judgment were easily removable without damage to the premises, they were not designed specially for this building, and the lease under which they were used provided that they should remain the personal property of the owner notwithstanding their installation. General Leasing's judgment for $18,000 will therefore be affirmed.

General Leasing has cross-appealed, contending that the judgment should have been for $40,000. This was the depreciated value of all of the heating and air-conditioning equipment installed in Manivest's building. In addition to the heating and cooling units, this figure included the value of installation labor, ductwork, water lines, wiring, and exhaust pumps, which the court apparently concluded had become part of the realty. The cross-appeal challenges the court's conclusion that the theory of unjust enrichment provided no basis for the recovery of this $22,000 of additional value.

Unjust enrichment does not apply to every circumstance where one has been benefited by another's detriment. *Commercial Fixtures & Furnishings, Inc. v. Adams,* Utah, 564 P.2d 773 (1977); *Kershaw v. Tracy Collins Bank & Trust Co.,* Utah, 561 P.2d 683, 685 (1977); *Restatement of Restitution* §§ 2, 110, 112 (1937); 66 Am.Jur.2d *Resti-*

tution and *Implied Contracts* § 16 (1973). As the district court noted in denying recovery for unjust enrichment, this is a case where equipment was installed on premises without the owner's request or permission. Courts have generally denied recovery for unjust enrichment to the property owner in this circumstance. *Commercial Fixtures & Furnishings, Inc. v. Adams, supra; Meehan v. Cheltenham Township,* 410 Pa. 446, 189 A.2d 593 (1963); *Bank of Nova Scotia v. Bloch,* 533 F.Supp. 1356, 1361–62 (D.V.I. 1982). We agree.

We emphasize that this is not a case where the unjust enrichment claim is based on the provision of property or services in circumstances of exigency, such as described in *Restatement of Restitution* §§ 113–17 (1937). Nor is this a case where the property owner has requested the installation or services or has acquiesced in their benefits in such a way that the trier of fact can appropriately find an implied contract to pay their reasonable value. *Compare Rapp v. Mountain States Telephone & Telegraph Co.,* Utah, 606 P.2d 1189, 1191, 1193 (1980); *McCollum v. Clothier,* 121 Utah 311, 241 P.2d 468 (1952); *Wooldridge v. Wareing,* 120 Utah 514, 236 P.2d 341 (1951).

The judgment is affirmed in all respects. No costs awarded.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.