OPINION
GARFF, Judge:
The trial court found defendant/appellant, George P. Post, a part owner of an oil well, liable for labor and materials provided by plaintiff/respondent, Stan Knight, to improve the oil well site pursuant to a contract between Knight and the corporate operator of the well. Post seeks reversal of the judgment.
The parties agreed to the following statement of the record on appeal: Knight conducted an insulation business known as Stanco Insulation Services. Post, doing business under a proprietorship named Post Petroleum Company, owned a 33.75% working interest in an oil well located in Uintah County, Utah. Post Petroleum Company, Inc. (the corporation), was the corporate operator of the oil well. The corporation is not a party to this action and is a separate entity from Post’s proprietorship.
In March 1982, Knight orally contracted with the corporation to furnish labor and materials for insulating an oil tank battery and erecting two buildings at the well site. At this time, he was unaware of the existence of the proprietorship, Post Petroleum Company, and did not know who owned the well. He satisfactorily completed the contracted work between March 18, 1982 and April 26, 1982, and then, according to instructions given by the corporation’s presi *1099 dent, Larry McLane, submitted his invoice for $18,437.13 to the corporation. There was no dispute that this was a reasonable price for the work. Knight did not deal with George Post personally during the course of this work, nor was he aware of any relationship between the corporation and Post Petroleum Company.
The corporation never paid Knight, and, in the course of his several inquiries about the unpaid bill with McLane, Knight was never advised that he should bill any other party. However, both Post and the corporation knew that Knight was billing the corporation and not the proprietorship.
On July 14, 1982, Knight, unaware that the corporation had no possessory interest in the oil well, attempted to record a mechanics’ lien on the oil well property, but placed an incorrect property description on his lien.
Several months later, the corporation filed a petition in bankruptcy. On January 10, 1983, Knight filed a creditor’s claim against the corporation in the bankruptcy proceedings, seeking payment of the entire amount due. Subsequently, Knight learned that the corporation had no interest in the well location, but was merely the operator of the well, and that George Post had an ownership interest in the well.
In March 1983, Post Petroleum Company, Post’s proprietorship, which had taken over operation of the well, contracted with Knight to do additional work on the well for which it paid him $395.60. Knight then sought payment from Post on his $18,-437.13 claim, but was refused. Knight initiated this lawsuit, seeking to recover the $18,437.13 claim, 18% interest, and $2,500 in attorney fees from Post. He then amended his still-pending bankruptcy claim, seeking only those sums which he did not recover from Post.
The trial court found in favor of Knight on the basis of quantum meruit, reasoning that the relationship between George Post and the corporation had unjustly confused Knight as to the proper party from whom to seek payment, and that Post was the ultimate beneficiary of the contract between Knight and the corporation. However, the court reduced the amount due Knight under the contract by the 66.25% of the well owned by non-parties to the lawsuit.
On appeal, Post argues that the trial court erred in awarding judgment against him on the basis of quantum meruit. We agree, reverse the trial court, and find that restitution based on quantum meruit was improper because: (1) Knight failed to first exhaust his legal remedies; (2) Knight did not introduce sufficient evidence to show that Post had been unjustly enriched; and (3) there was no contractual relationship, either express or implied, between Knight and Post.
The Utah Supreme Court, in Sacramento Baseball Club, Inc. v. The Great Northern Baseball Co., 748 P.2d 1058, 1060 (Utah 1987) (citation omitted), stated that “[w]hen a trial court relies on stipulated facts to decide a case, this Court does not apply the clearly erroneous standard, but will sustain the lower court’s decision only if convinced of its correctness. Thus, we examine the facts de novo.” Although, in the present case, the parties have stipulated facts for the purposes of appeal, we see no distinction, and the standard of review remains the same. Christensen v. Abbott, 671 P.2d 121, 123 (Utah 1983). Thus, we review both factual and legal issues.
I

Failure to Exhaust Legal Remedies

As a general rule, one must first exhaust his legal remedies before he may recover on the basis of the equitable doctrine of quantum meruit. See Interiors Contracting, Inc. v. Navalco, 648 P.2d 1382, 1388 (Utah 1982); Commercial Fixtures and Furnishings, Inc. v. Adams, 564 P.2d 773, 774 (Utah 1977). The legal remedies available to Knight included a mechanics’ lien on the well property and pursuit of the corporation’s assets as a creditor in the corporation’s bankruptcy proceeding, neither of which Knight successfully exhausted.
*1100 Knight failed to perfect his mechanics’ lien against Post because he incorrectly described the affected property, thus not complying with Utah Code Ann. § 38-1-7 (1981). See Westinghouse Elec. Supply Co. v. W. Seed Prod. Corp., 119 Ariz. 377, 580 P.2d 1231, 1233 (App.1978); Buehner Block Co. v. Glezos, 6 Utah 2d 226, 310 P.2d 517, 520-21 (1957).
Further, Knight failed to bring an action enforcing the lien within the statutory period. Under Utah Code Ann. § 38-1-11 (1974),[1] an action to enforce a mechanics’ lien must be commenced within twelve months from the completion of the work. An untimely action under this section is jurisdictional and forecloses the parties’ rights.[2] AAA Fencing Co. v. Raintree Dev. and Energy Co., 714 P.2d 289, 290-91 (Utah 1986); Morrison v. Carey-Lombard Co., 9 Utah 70, 33 P. 238, 239 (1893). Therefore, Knight did not exhaust this remedy, and, at this point in time, may not because his rights and remedies under the mechanics’ lien statutes are extinguished. Commercial Fixtures, 564 P.2d at 774.
Knight raised his claim in the corporation’s bankruptcy proceeding, but at the time he initiated this lawsuit, he modified his claim to recover from the corporation only the amount that he did not recover, from Post. He did not pursue his claim in bankruptcy to its end to attempt to recover from corporate assets, but brought this action during the pendency of the bankruptcy action. Neither did he submit evidence to the lower court that pursuit of the bankruptcy claim would, in all likelihood, be fruitless. Thus, he did not adequately pursue this remedy.
Post should not be held liable as a consequence of Knight’s failure to successfully assert his legal rights. See Utschig v. McClone, 16 Wis.2d 506, 114 N.W.2d 854 (1962). As in Commercial Fixtures, Knight has failed to exhaust his legal remedies, so may not recover on the basis of quantum meruit.
II

Quantum Meruit

Because the trial court based its ruling upon quantum meruit, we address that question even though our ruling on failure to exhaust legal remedies is dispositive of the case.
In Davies v. Olson, 746 P.2d 264, 269 (Utah Ct.App.1987), this Court has identified two branches of quantum meru-it: (1) contracts implied in law, also known as quasi-contracts or unjust enrichment, which are not actions to enforce a contract but are actually actions to require restitution; and (2) contracts implied in fact, which are contracts established by conduct. Knight cannot prevail under either of these branches.
First, to prevail under the first branch of quantum meruit, contracts implied in law or unjust enrichment, Knight must show the following three elements: (1) Knight conferred a benefit upon Post; (2) Post was aware of the benefit; and (3) Post retained the benefit under such circumstances as to make it inequitable for him to retain the benefit without payment of its value. Berrett v. Stevens, 690 P.2d 553, 557 (Utah 1984); Davies, 746 P.2d at 269.
It is undisputed that Knight conferred a benefit upon Post and that Post knew about and was using the benefit. However, Knight did not show that Post *1101 retained the benefit under circumstances that would make it inequitable for him to retain it without payment of its value. In Commercial Fixtures, the Utah Supreme Court defined inequitable circumstances as:
[t]he mere fact that a third person benefits from a contract between two others does not make such third person liable in quasi-contract, unjust enrichment, or restitution. There must be some misleading act, request for services, or the like, to support such an action. Mere failure of performance by one of the contracting parties does not give rise to a right of restitution.
Commercial Fixtures, 564 P.2d at 774 (emphasis added) (citation omitted).
Knight relies upon the reasoning in Paschall’s, Inc. v. Dozier, 219 Tenn. 45, 407 S.W.2d 150 (1966), which states that recovery on a quantum meruit action may be had in some instances in which a material-man or subcontractor furnishes labor or materials which benefit the property of a person with whom there is not privity of contract. However, this is at variance with Commercial Fixtures.
Knight introduced no evidence to indicate that Post requested services of Knight or deliberately misled him. In fact, the parties stipulated that Knight did not even know of Post’s existence until after the corporation had filed for bankruptcy. The only evidence introduced even suggesting a misleading act is the similarity in names between the corporation and the proprietorship. While we recognize the possibility that Post created a corporation and a proprietorship with the same name to deliberately defraud creditors, if and when the corporation went bankrupt, Knight has not introduced any such evidence. Therefore, he has not shown that it would be inequitable for Post to retain the benefit without payment of its value.
Second, Knight has failed to show that there is either an express or implied contract between himself and Post, on which he may base recovery. See Commercial Fixtures, 564 P.2d at 774.
The stipulated facts indicate that Knight did not know of Post’s existence at the time he entered into the contract, so could not have had any direct dealings, including an express contract, with Post.
Also, Knight did not prove the required elements of the second branch of quantum meruit, contracts implied in fact, to show the existence of an implied contract with Post. To prevail under this theory, Knight was required to show that: (1) Post requested Knight to perform the work; (2) Knight expected Post to compensate him; and (3) Post knew or should have known that Knight expected compensation. Davies, 746 P.2d at 269.
The facts indicate that Knight did not know of or deal with Post prior to the bankruptcy proceedings, so Post did not request Knight to perform the work or expect to pay him because he did not deal with Knight, and Knight could not have expected Post to pay him because he did not know of Post's existence.
On the contrary, Knight had an express contract with the corporation, and dealt exclusively with it in contracting to do the work, attempting to collect his bill, and filing his mechanics’ lien. Thus, Knight did not have an implied contract with Post. See Commercial Fixtures, 564 P.2d at 774.
Since there was no express or implied contract with Post, Knight cannot recover.
The judgment of the trial court is reversed. Costs awarded to Post.
BILLINGS and JACKSON, JJ., concur.

. This statute reads, in relevant part, as follows:
Actions to enforce the liens herein provided for must be begun within twelve months after the completion of the original contract.... Within the twelve months herein mentioned the lien claimant shall file for record with the county recorder of each county in which the lien is recorded a notice of the pendency of the action, in the manner provided in actions affecting the title or right to possession of real property, or the lien shall be void, except as to persons who have been made parties to the action and persons having actual knowledge of the commencement of the action.

. We note that the corporation's bankruptcy action did not necessarily preclude recovery under a properly filed mechanics’ lien nor did it toll the requirement of bringing an action to enforce such a lien within the statutory twelve month period. See Utah Code Ann. § 38-1-5 (1974); Munson v. Risinger, 114 So.2d 59, 61 (La.Ct. App.1959).