F I L E D
United States Court of Appeals
Tenth Circuit

JUL 16 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

LELAND ALLEN FITZGERALD and
HELEN STEVENS FITZGERALD,

Debtors.

ELDON MINCHEY and BETTY
MINCHEY,

Plaintiffs-Appellants,

v.

UTAH PRODUCTION CREDIT
ASSOCIATION,

Defendant-Appellee.

No. 96-4010
(D.C. No. 95-CV-13)
(D. Utah)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In this adversary proceeding against appellee Utah Production Credit Association (PCA), appellants Eldon Minchey and Betty Minchey (the Mincheys) allege that they are entitled to an equitable lien on the proceeds of the sale of a cabin that they built on real property owned by debtors Leland Allen Fitzgerald and Helen Stevens Fitzgerald (the Fitzgeralds). The bankruptcy court entered judgment in favor of PCA and the district court affirmed. We exercise our jurisdiction under 28 U.S.C. §§ 158(d) and 1291 and apply the same standard of review as the district court: that is, we review the bankruptcy court's legal determinations de novo and its factual findings for clear error, see Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994). We affirm.

In June 1982, the Mincheys and the Fitzgeralds agreed that the Mincheys would receive specific acreage in Silver Mountain Estates, the Fitzgeralds' proposed subdivision in Wasatch County, Utah, in exchange for Mr. Minchey's providing the equivalent of $140,000 in construction services and equipment. The Mincheys intended to build their residence on part of the property and resell the remainder.

At the time of the agreement, the Fitzgeralds owed PCA the principal amount of $1,991,051, secured by a mortgage on Silver Mountain Estates and other real property. In addition, Mr. Fitzgerald was restrained by court order from selling the property until the county approved the proposed subdivision. Although the agreement was reduced to writing, the Fitzgeralds did not sign it and the Mincheys did not attempt to record it.

Mr. Minchey complied with the agreement by providing equipment and performing services. In 1984, Mr. Fitzgerald acknowledged that Mr. Minchey had completed sufficient work to be entitled to at least six acres. However, the Fitzgeralds still had not obtained approval of the subdivision and had not met their payment obligations to PCA. On September 24, 1987, PCA began foreclosure proceedings and on February 16, 1987, it recorded a lis pendens.

By the spring of 1988, the Mincheys were anxious to begin building their residence. They were unaware of PCA's foreclosure action or the full extent of the Fitzgeralds' indebtedness. However, they did know that the Fitzgeralds were in default to PCA, that the county had not approved the subdivision, and that the Fitzgeralds could not convey title to the land. Nevertheless, without searching county records, the Mincheys began to build a cabin under a caretakers' dwelling permit obtained by Mr. Fitzgerald. In July of that year, when the cabin was 20% completed, PCA learned of the Mincheys' construction activities and their claim

to part of the encumbered property. PCA did not attempt to stop construction of the cabin. At some point, the cabin was completed and the Mincheys moved in.

In April 1989, the Fitzgeralds informed the Mincheys of the extent of their indebtedness and the foreclosure action. The Mincheys then opened negotiations with PCA to obtain title to the real property on which the cabin was located. These negotiations were lengthy, but ultimately unsuccessful. PCA was concerned with legal and practical impediments to the severance and sale of the property surrounding the cabin. Wasatch County, which would have to review and approve a proposed settlement, raised additional issues.

The Fitzgeralds' filing of a Chapter 11 bankruptcy petition in December of 1990 further complicated the dealings between PCA and the Mincheys. Although they continued to explore options such as leasing the real property, participating in an open space agreement, and moving the cabin, they did not reach a settlement. In May of 1993, PCA discontinued its attempts to resolve matters with the Mincheys and the county.

On September 22, 1993, the bankruptcy court approved a contract between the bankruptcy estate and a third party for the sale of the property. Of the selling price, $75,000 was attributable to the Mincheys' construction of the cabin. Within days of this sale, the Mincheys, with county approval, purchased the cabin and some acreage from the third party.

In the bankruptcy court, the Mincheys alleged that PCA was unjustly enriched by $75,000, the value of the cabin. Under Utah law, the theory of "[u]njust enrichment does not apply to every circumstance where one has been benefited by another's detriment." General Leasing Co v. Manivest Corp.. 667 P.2d 596, 597 (Utah 1983). A claim for unjust enrichment must be supported with a showing of: "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." American Towers Owners Ass'n v. CCI Mechanical, Inc., 930 P.2d 1182, 1192 (Utah 1996) (quotations omitted). Inequitable circumstances involve "some misleading act, request for services, or the like." Commercial Fixtures & Furnishings, Inc. v. Adams, 564 P.2d 773, 774 (Utah 1977).

After a trial, the bankruptcy court found that the Mincheys had proven that the construction of the cabin conferred a benefit on PCA and that PCA was aware of the benefit. The court concluded, however, that the Mincheys failed to show circumstances that would make it inequitable for PCA to retain the benefit without payment of the cabin's value. The Mincheys "did not do all they reasonably could do to protect their interest in the cabin, did not rely upon any act of PCA in building their cabin and assumed whatever risk was involved in

commencing to build the cabin." Appellants' App., Ex. C at 44. Because the Mincheys had proven only two of the three elements required for a successful unjust enrichment claim, the court entered judgment in favor of PCA.

On appeal to the district court, the Mincheys did not "question the accuracy of the bankruptcy court's findings of fact; rather they simply disagree[d] with the bankruptcy court's conclusion that the facts do not indicate sufficient inequity so as to justify the relief they seek." Id., Ex. A at 2. The district court affirmed, noting that the "Mincheys emphasize[d] the benefit conferred on . . . PCA, but fail[ed] to acknowledge the court's findings that they failed to act reasonably in building the cabin." Id.[1]

In this court, the Mincheys again contend that it would be unjust to allow PCA to retain the proceeds from the sale of the cabin. They concede the accuracy of the bankruptcy court's findings, but claim that the bankruptcy court and district court committed legal error in focusing on the reasonableness of the Mincheys' behavior and overlooking the wrongfulness of PCA's actions. The record refutes this argument. As the district court noted, the bankruptcy court explicitly found

---

[1]    The district court also affirmed the bankruptcy court's denial of an award of attorneys' fees to either party. In this appeal, the Mincheys originally requested review of the ruling on fees; in cross-appeal No. 96-4014, PCA made a similar request. Upon consideration of the stipulation of the parties, we dismissed the attorneys' fees aspect of this appeal and the cross-appeal in its entirety on June 21, 1996.

that PCA did nothing to mislead the Mincheys and that PCA was not under any duty to prevent the construction of cabin. We find no error in the court's application of the law of unjust enrichment.

AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge